## ENGLAND v. FIRST NATL. LIFE INS. CO.

---

(February 16, 1931. Opinion and Decree.)
(March 2, 1931. Rehearing Refused.)
(April 27, 1931. Writs of Certiorari and Review Refused by Supreme Court.)

---

Chas. J. Mundy, of New Orleans, attorney for plaintiff, appellee.

Frank Norman, of New Orleans, attorney for defendant, appellant.

HIGGINS, J.   Plaintiff, as beneficiary, brings this suit to recover the sum of $268, the aggregate face value of two policies of industrial life insurance in which her daughter, Lillie England, was insured.

The petition alleged that the policies were issued by the defendant; that all premiums had been paid; that the policies were in full force and effect, and that upon the death of the insured proper proof of death was filed with the defendant.

The defendant answered admitting these allegations, but specially pleaded that only one-half of the face value of the policies was due or $134 (which amount was deposited in the registry of the court) under condition No. 9 of the policies which reads as follows:

"Or if the Insured should die from Heart Disease, Tuberculosis, Chronic Bronchitis, Cancer, Bright's Disease, Liver Trouble, Pellagra, or any chronic disease contracted within twelve months from date of policy, only one-half the sum otherwise provided for under this policy will be payable."

The record shows that on the trial of the case counsel for the plaintiff offered in evidence the two insurance policies making them P-1 and P-2, and rested his case.   The defendant, without offering any evidence whatsoever, closed its case.   There was judgment as prayed for, and defendant has appealed.

There can be no doubt that the plaintiff made out a prima facie case in view of the defendant's admissions.

In support of the special defense that the deceased had died of tuberculosis contracted within one year from the date of the policies, and that, therefore, only one-half of the value of the policies was due, the defendant relies upon a printed form entitled "Claimant's Statement," the blank portions of which are filled in in ink and which purports to have been signed by Lillie England subsequent to her death and burial.

The record shows that this document was never introduced in evidence by counsel for either party, and its presence in the record is only explained by the statement of counsel for the defendant in his argument at the bar that the document was bradded to one of the policies at the time it was offered in evidence.   Counsel for the plaintiff denied that he had offered the document in evidence and stated that he had no recollection of it being bradded to one of the policies (P-1) at the time that it was offered.   He is borne out in this statement by the stenographic report which shows that only the policy was introduced in evidence, no reference being made whatever to this document.   No agreement either verbal or in writing has been entered into by counsel that would permit consideration of this paper as evidence by this court; consequently, under long-established jurisprudence, its mere presence in the record is not sufficient to make it a part of the transcript.   O. K. Realty Co. v. Juliani, 1 La. App. 1; Jacobs Bros. v. Bel, 1 La. App. 14; Wilkin-Hale State Bank v. Tucker, 148 La. 980, 88 So. 239; Bilich v. Mathe, 149 La. 484, 89 So. 628; Broussard v. Rosenblum, 5 La. App. 249.

It would logically follow that the special defense must fail in the absence of evidence to support it.   But, even if the document had been offered in evidence, we are of the opinion that it has no probative value.   We first note that the document purports to have been signed by Lillie England, the insured, subsequent to

her death. It states the cause of her death to be "acute pulmonary," that the deceased quit work "1 year"; and that the deceased first consulted a physician concerning her last illness "1 year."

The record shows that defendant caused a subpœna duces tecum to be issued calling for the Orleans Anti-Tuberculosis League clinical report concerning Lillie England, and also summoned as witnesses Dr. G. S. Brown, medical director of the clinic, and Drs. J. A. Barnes and T. G. Wiltz, but the clinical report was not introduced, and the doctors did not testify.

There being no evidence in the record to establish the special defense, it must fail.

For the reasons assigned, the judgment is affirmed.

JANVIER, J. (dissenting). In my opinion the facts shown on the document entitled "Claimant's Statement" entirely defeat "Claimant's" suit.

The document is physically in the record and is marked "P-1" and, as I recall, plaintiff's counsel in oral argument finally admitted that he "must have" produced and offered the document, though he stated that he had no recollection of having done so.

It is very evident that defendant's counsel relied for his defense entirely on this document because he did not even place in evidence any proof of his own, though it is evident from the names of the witnesses summoned and from the character of documents called for in the subpœna duces tecum that there was available considerable proof.

If there is any dispute as to whether a document is offered in evidence, and if one of the parties relied on that document (particularly where it is conceded that it was produced by the adversary), then justice requires that the matter be remanded for ascertainment of the truth as to how the document found its place in the record.

I do not believe that the authorities cited by my associates to the effect that we may not consider documents unless offered in evidence are in any way applicable here, because here there is a dispute as to whether the document is in evidence and the facts indicate that it was probably offered by the party who now seeks to have it excluded from consideration. The question is not what shall be done with documents not offered but what shall be done with documents present where there is a dispute as to who offered them. I believe the matter should be remanded for ascertainment of the truth.

Nor do I agree with my associates that the document would have no probative value, even if properly in the record.

It should be borne in mind that the document, according to defendant's counsel and according to my recollection as to what was said orally by plaintiff's counsel, was produced and filed by plaintiff, and that, therefore, any errors or uncertainties therein should be construed and interpreted against plaintiff.

There is one error easily explainable and there are two possible uncertainties which, if interpreted against plaintiff, would defeat her suit.

The error lies in the fact that the name of the deceased is given in the blank provided for the signature of the claimant. Claimant is an ignorant negress and apparently through this ignorance caused de-

ceased's name to be signed as claimant instead of her own. But can she take advantage now of her own error in this regard and now be heard to say that because she caused a wrong name to be signed the document in all other respects cannot be used against her? I think not.

The uncertainties result from the following answers contained in the said statement:

"Q. On what date did deceased first consult any physician for last illness?
"A. 1 year.
"Q. Cause of death? Give full particulars.
"A. Acute pulmonary."

The first answer, to-wit, "1 year," in my opinion shows that the deceased contracted the disease from which she died one year before her death. The answer "acute pulmonary" means to the ordinary layman "tuberculosis" and thus an interpretation of these two answers made by claimant herself shows that the deceased died from tuberculosis contracted one year prior to death and thus within the period during which the policy provides for only one-half payment. But, if these statements are ambiguous, they were made by plaintiff and should be interpreted against her.

One fact stands out clearly, and that is that the truth is that, if the policy provision be legally enforceable, then the death occurred from a cause and within the time which would make only one-half of the policy due, and since the uncertainties, if there are any, result from the action of claimant herself, the matter should be remanded for ascertainment of the true facts, and defendant should not be condemned because it relies on a statement prepared and filed by plaintiff.

I respectfully dissent.