REID, Judge.
Plaintiffs brought this suit against the-defendants Baton Rouge Securities Company, Incorporated, H. M. Fieman and Mel Astley for damages in the amount of $10,-360.00 with legal interest from judicial demand until paid, alleging the said defendants induced the plaintiffs to mortgage-their home to Baton Rouge Securities Company, Inc., for the sum of $2860.00 with the intention to defraud. They further allege defendant Astley, acting for himself and H, M, Fieman, sold them a deal to put allu- *669 minum siding on their house and thereafter to let him take a picture of their house, using the picture for advertising purposes for which he would give plaintiffs $100.00 for each new home that was done in the Baton Rouge area and this sum would pay for the aluminum siding put on plaintiffs’ home.
Plaintiffs did not allege Baton Rouge Securities Co., Inc., induced them to make the deal with Astley and Fieman but do allege the said Baton Rouge Securities Co., Inc. were fully aware of the fraudulent scheme that was to be perpetrated on the plaintiffs and in furtherance of said scheme financed the amount of the loan and had plaintiffs execute a mortgage on their home in the amount of $2856.00, the proceeds of which were used to pay for the material and labor furnished by Astley and Fieman to put the aluminum siding on plaintiffs’ home. Defendant Baton Rouge Securities Company, Inc. first filed exception of improper misjoinder of parties, which exception was overruled by the Court. It then filed an answer admitting making the loan, but denied any fraud or knowledge of any scheme to defraud plaintiffs.
Defendant Baton Rouge Securities Company, Inc. took the deposition of plaintiff Extra Burrell and then filed a motion for summary judgment, annexing thereto the affidavit of R. Paul Green, attorney and notary public, to the effect plaintiffs were fully advised of the proposition and effects of the collateral mortgage given by them to defendant Baton Rouge Securities Company, Inc. before executing the same; further that the deposition of plaintiff, Extra Burrell, taken on April 30, 1963 showed that while plaintiffs have complaints against Astley and Fieman there is no basis upon which to charge fraud against Baton Rouge Securities Company, Inc., and therefore there is no genuine issue as to material facts and the summary judgment should be maintained.
Motion for summary judgment was, on submission to the Court sustained, and plaintiffs’ suit as against the defendant Baton Rouge Securities Company, Inc. dismissed at plaintiffs’ costs. Plaintiffs then brought this devolutive appeal from said judgment.
The motion for summary judgment is comparatively new to our practice in Louisiana and is taken and modeled after a provision for the same in the Federal Rules of Civil Procedure. The very purpose of a motion for summary judgment is to pierce behind the allegations in the petition which may set up a cause of action but upon which the plaintiff cannot produce any proof whatever in support of same.
Our Courts have ruled several times upon these motions and they have followed the jurisprudence of the Federal Courts in interpreting the grounds for summary judgment. The provision in Louisiana law in regard to summary judgment is found in Article 966 of the LSA-Code of Civil Procedure which reads as follows:
“The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiff’s motion may be made at any time after the answer has been filed. The defendant’s motion may be made at any time.
“The motion for summary judgment shall he served at least ten days before the time specified for the hearing. The adverse party may serve opposing affidavits prior to the day of the hearings. The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.”
Moore’s Federal Practice Volume 6, page 2001 comments as follows:
“The summary judgment procedure prescribed in Rule 56 is a procedural *670 device for promptly disposing of'actions in which there is no genuine issue as to any material fact. In many cases there is no genuine issue of fact, although such an issue is raised by the formal pleadings. The purpose of Rule 56 is to eliminate a trial in such cases, since a trial is unnecessary and results in delay and expense which may operate to defeat in whole or in part the recovery of a just claim or the expeditious termination of an action because of a meritorious defense that is factually indisputable. * * * (Page 2028: italics here and hereafter ours except where the contrary is noted.)
******
“To attain this end, the rule permits a party to pierce the allegations of fact in the pleadings and to obtain relief by summary judgment where facts set forth in detail in affidavits, depositions, and admissions on file show that there are no genuine issues of material fact to be tried. * * * ” (2029)
“ * * * Conflict concerning the ultimate and decisive conclusion to be draivn from undisputed facts does not prevent rendition of a summary judgment, when that conclusion is one to be drawn by the court. The court had before it all the facts which formal trial would have produced. Going through the motions of trial would have been futile. Judgment therefore was given properly for the defendant.” Fox v. Johnson & Wimsatt, 75 U.S.App.D.C. 211, 127 F.2d 729.
It is stated in Dale Hilton, Inc. v. Triangle Publications, Inc., 27 F.R.D. 468, 470 (S.D.N.Y.) 1961 that:
“Summary judgment procedure is intended to permit a party to pierce the allegations of fact in the pleading and to obtain relief where facts set forth in detail in affidavits, depositions and admissions on file show that there are no genuine issues of fact to be tried.”
This Court in the recent case Texas Gulf Producing Company v. Gulf Coast Drilling and Exploration, Inc., 154 So.2d 559 quoted from Kay v. Carter, 243 La. 1095, 150 So.2d 27 held as follows:
“ ‘The proceeding authorized in Louisiana Code of Civil Procedure, Article 966 ct seq. concerning summary judgments is an innovation in our practice, and there is virtually no jurisprudence from the courts of this state relating to it. However, it was adopted with only minor, immaterial variations from Rule 56 of the Federal Rules of Practice; and, consequently, we are justified in considering the jurisprudence of the federal appellate courts pertaining to its proper application.’ ”
This case further held in said opinion quoting from Fox v. Johnson & Wimsatt, 75 U.S.App.D.C. 211, 127 F.2d 729 as follows :
“ < * * * There was conflict concerning interpretation of the facts and the ultimate conclusion to be drawn from the respecting intention. But there was none as to the facts themselves. In other words, the evidentiary facts were not substantially in dispute. The stricken affidavits were not different from the pleadings in this respect. Apart from the interpretative conclusions, they merely set forth the circumstances surrounding adoption of the resolution and subsequent resolutions and corporate acts. Their effect was merely to paraphrase the facts stated in the pleadings, adding detail and interpretative matter. Conflict concerning the ultimate and decisive conclusion to be drawn from undisputed facts does not prevent rendition of a summary judgment, when that conclusion is one to be drawn by the court. The court had before it all the facts which formal trial would have produced. Going through the motions of trial would have been futile. Judgment therefore was given properly for the *671 defendant. See also Dowden v. Hartford Accident and Indemnity Company et al., La.App., 151 So.2d 697.
The plaintiff filed no answer, affidavits, or depositions in opposition to the motion for summary judgment. The deposition of Mr. Green the Notary who passed the act of mortgage from plaintiffs to Baton Rouge Securities Corporation stated that the plaintiffs were fully informed as to the nature of the obligation that there was a mortgage on their home and the payments would be $60.00 per month. The testimony on deposition of plaintiff, Extra Burrell, was that Mr. Bynum, the head of the Baton Rouge Securities Company, Incorporated had not practiced any fraud upon the plaintiffs and completely exculpated Mr. Bynum of any charge of fraud. In fact, Mr. Bynum, realizing that the original obligation, which would have required payments of $75.00 a month, was too heavy for plaintiffs to pay had the same reduced to $60.00 a month. Plaintiffs may have good cause against Astley and Fieman but by their own testimony they do not have any facts to support the allegation of fraud against the Baton Rouge Securities Company, Inc.
Plaintiffs, in their brief and oral argument urged that there were allegations in the petition that the Baton Rouge Securities Company, Inc. knew of the fraud and aided and abetted in the perpetration of same, and that the defendant had denied these allegations which put it at issue and they should be allowed to produce testimony to show the same. However, the testimony by deposition does not support the allegation and in fact disproves same. We do not see how the plaintiffs could produce any additional testimony which would conflict with plaintiffs’ testimony by deposition to prove such a charge.
As stated early in this opinion the purpose of a summary judgment is to avoid just such a situation where plaintiff, making the necessary allegations to support a claim have no evidence whatever to support it, and to avoid the defense having to go through the hardship of a long and protracted trial. Had the plaintiffs by affidavits or depositions produced any facts in support of this allegation then the motion for summary judgment would have had to be overruled, however such did not happen in the case at bar.
For the foregoing reasons this Court is of the opinion that the judgment of the Lower Court is correct and is affirmed.
Affirmed.