486 So.2d 1185 (1986)
Ross Earl PICKERING, Plaintiff-Appellant,
v.
HERCULES INCORPORATED, et al., Defendants-Appellees.
No. 85-330.
Court of Appeal of Louisiana, Third Circuit.
April 9, 1986.
*1186 Hopkins & Little, James E. Hopkins and H. Alston, Johnson, III, Sulphur, for plaintiff-appellant.
Jones, Tete, etc., Edward J. Fonti, Lake Charles, Stafford, Stewart & Potter, Larry A. Stewart, Alexandria, Mouton, Roy, etc., Kenneth M. Henke, LaFayette, for defendants-appellees.
Before KNOLL, KING and BRUNSON,[*] JJ.
BRUNSON, Judge.
The issue presented on this appeal is whether the trial court erred in granting defendant, Hercules Incorporated's Motion for Summary Judgment.
Plaintiff brought a suit in negligence against multiple defendants, including Hercules Incorporated, and in strict liability against Hercules Incorporated, seeking jury trial as to all. The suit arose from injuries allegedly suffered by plaintiff, Ross Earl Pickering, during the operation of a prehauler, a piece of heavy equipment leased by plaintiff from defendant, Hercules Incorporated, and utilized by plaintiff in harvesting tree stumps for delivery to defendant. The defendant extracted therefrom turpentine and other by-products. Plaintiff alleges certain negligence against the defendants and, additionally, alleges defects in the equipment leased from Hercules Incorporated, which plaintiff contends results in strict liability as against Hercules Incorporated.
Through dismissal upon motion and/or settlement, all defendants have been dismissed except Hercules Incorporated.
Hercules Incorporated filed a Motion for Summary Judgment on its defense that Louisiana Workmen's Compensation Law *1187 provided the exclusive remedy to plaintiff and that, therefore, plaintiff's suit in negligence and in strict liability would not lie as against Hercules. The trial court granted defendant's Summary Judgment on such contention and, in doing so, ruled that plaintiff's reciprocal Motion for Summary Judgment was moot. From such grant of summary judgment, dismissing plaintiff's claim for negligence and strict liability, plaintiff appealed upon the following specifications of error:

SPECIFICATIONS OF ERROR
(1) The trial court erred in granting a summary judgment when there were genuine issues of material fact to be resolved, particularly the interpretation of a contract between the parties.
(2) The trial court erred in failing to grant, or even consider, the motion for summary judgment filed by plaintiffs seeking a declaration that they could proceed in tort against defendant and were not limited to an action in worker's compensation.
(3) The trial court erred in failing to hold that plaintiff Pickering was a working independent contractor who could, and did, opt out of compensation coverage by Hercules, thus preserving his tort remedy against Hercules.
(4) The trial court erred in failing to hold that Hercules violated La.R.S. 23:1163 by forcing Pickering to pay for his own compensation coverage.
(5) The trial court erred in failing to hold that Hercules is estopped to raise the defense of tort immunity under the circumstances present in this case.
Hercules has also filed a motion to strike certain documents in the record and reference to them in plaintiff's brief, contending that these documents were not introduced into evidence, and are therefore not properly before this court for review.
The trial court found the facts to be as follows:
"Pickering was hired by Hercules and was designated as an independent contractor to produce stumps from areas designated by Hercules. In order to increase production Pickering arranged to lease from Hercules a machine known as Prehauler. All work by Pickering was done for Hercules and the producing or harvesting of stumps was part of the regular business and occupation of Hercules. Pickering as operator of the prehauler was doing manual labor. Pickering was working exclusively for Hercules. Hercules obtained the stumps or trees and harvested the stump wood either through its employees who were paid hourly wages or independent contractors who were paid on the basis of tonnage harvested."
The quintessential issues of this appeal are whether one who is an independent contractor, but who spent a substantial portion of his time in manual labor, performing work in furtherance of the work being done pursuant to the contract, is limited to the remedies provided by the Louisiana Workmen's Compensation Law, such that he can be precluded from tort recovery as against the party with whom he contracts, and, if so, whether he can, and did, opt out of such coverage, and/or whether there was a violation of LSA-R.S. 23:1163 under the facts here involved.
Considering the provisions of LSA-R.S. 23:1021(6), an independent contractor is defined as follows:
"`Independent Contractor' means any person who renders service, other than manual labor, for a specified recompense for a specified result either as a unit or as a whole, under the control of his principal as to results of his work only, and not as to the means by which such result is accomplished, and are expressly excluded from the provisions of this Chapter unless a substantial part of the worktime of an independent contractor is spent in manual labor by him in carrying out the terms of the contract, in which case the independent contractor is expressly *1188 covered by the provisions of this Chapter."
It therefore presents the standards by which the coverage of the Louisiana Workmen's Compensation Statute, as applied to plaintiff, should be determined. In this connection, the factual record herein fully supports the trial court's findings of fact that plaintiff was doing manual labor in connection with, and during his worktime. Further, a stipulation to such effect is referred to on Page 187 of the record, although such stipulation is not itself found in the record. The factual basis therefor is well supported in the depositions of appellant, Ross Earl Pickering, and of Ray Brant.
There is, however, no conclusive showing in the record that employees of Hercules (as opposed to independent contractors) customarily performed the same work that plaintiff was engaged in at the time of injury. Holmes v. St. Charles General Hospital, 465 So.2d 117 (La.App. 4th Cir.1985). While in Holmes v. St. Charles General Hospital, supra, the plaintiff was an employee of an independent contractor, the rule as to independent contractors is the same under Lushute v. Diesi, 354 So.2d 179 (La.1978).[1] There is therefore present here an unresolved question of material fact.
Where the independent contractor is, in fact, entitled to the compensation under this act, his remedy against the principal is limited by LSA-R.S. 23:1032, to a compensation award, and in such case there is no tort recovery against the principal.
Therefore, where the rule applies, unless the plaintiff has opted out of such coverage, or the exclusivity of the act is to be denied on the basis of either a violation of LSA-R.S. 23:1163, or estoppel, plaintiff would have no additional remedies in tort.
Defendant-appellee contends that the issues of whether the plaintiff was entitled to opt out and, if so, whether he had effectively done so (plaintiff's Specification of Error No. 3 and Issues Presented for Review Nos. 3 and 4) are founded upon documents not in evidence and, therefore, not before the court.
In support of this position, defendant-appellee cites case authority for the proposition that nothing (such as documents and affidavits) may be considered by the court unless the same has been "introduced into evidence". However, when reviewing the authorities so cited by defendant-appellee, it is noteworthy that only Larkin v. First of Georgia Underwriters, 466 So.2d 655 (La.App. 5th Cir.1985) deals with a summary judgment as opposed to a trial on the merits or a merit-type hearing.
Even with respect to Larkin v. First Georgia (although correct on its decision since the facts involved a subsequently proffered offering) it should be noted that the court rendering that decision cited as its authority, the case of Crader v. Casualty Reciprocal Exchange, 417 So.2d 101 (La.App. 3rd Cir.1982). However, when Crader v. Casualty Reciprocal Exchange is examined, it is seen that such case itself is a merit trial situation, not a summary judgment. The other cases cited on this point,[2] involved merit trials not summary judgments which though stating correctly the rule to be applied in merit trial situations are not dispositive of the rule to be applied in the summary judgment situation. In connection with summary judgments, *1189 La.C.C.P. Art. 966(B) sets forth a different rule,[3] requiring only that the item be "... on file ..." before it can be considered, and therefore seems to clearly envision the entire file as reviewable in the determination of the summary judgment demand. That the rule is different as between merit trial and summary judgment is further demonstrated by the vehicle of affidavit, which, though not subject to cross-examination and inadmissible at trial (except in the few instances where such affidavit might fall within one of the exceptions to the general rule of non-admissibility of hearsay) is nonetheless admissible for determination of a motion for summary judgment.
It should be noted, too, that the Workmen's Compensation Act, LSA-R.S. 23:1317, requires that cases be decided on competent evidence. Like C.C.P. Art. 966, the act anticipates no rigid rules of evidence of procedure. Montgomery v. Delta Concrete Products Co., Inc., 290 So.2d 769 (La.App. 1st Cir.1974), writ denied 294 So.2d 823 (La.1974); Johnson v. Cajun Enterprises, 293 So.2d 617 (La.App. 3rd Cir. 1974); Rivers v. Macco, 391 So.2d 873 (La. App. 4th Cir.1980); Andrews v. Pine Hill Wood Co., 426 So.2d 196 (La.App. 2nd Cir. 1982), writ denied, 432 So.2d 267 (La.1983).
Therefore a proper test of whether a document should be considered in determining a motion for summary judgment is whether such document has been filed in the record. By that test, the document appearing at page 159 of the appellate record (having been filed as an attachment to a motion in limine, filed by plaintiff in the proceeding prior to the rendition of the summary judgment) should be considered in connection with the court's review of the summary judgment granted by the court below. As to this document, the motion to strike is denied. However, as to those documents and exhibit items appearing between pages 203 and 205 of the appellate record, and the depositions of Martin Clapp, the same were not on file at the time of the rendition of summary judgment and, accordingly, they may not be considered by this court. Therefore, the motion to strike is granted as to such documents.
Considering then the plaintiff-appellant's contention that plaintiff had opted out of Workmen's Compensation coverage under LSA-R.S. 23:1035 by virtue of the agreement appearing at Tr. P. 159, such agreement must be interpreted. Where, as here, such interpretation involves a veritable panoply of factual consideration as to the executional circumstances, and understanding and intent of the parties, summary judgment is not warranted. Nettles v. Bowlin, 386 So.2d 658 (La.App. 1st Cir. 1980); Chargois v. Trip-L-Quik, 441 So.2d 45 (La.App. 3rd Cir.1983).
With respect to plaintiff-appellant's Specification of Error No. 4 that Hercules violated LSA-R.S. 23:1163 by forcing plaintiff to pay for his compensation coverage, an attempt to apply the first paragraph of such section as being violated per se by the Pickering-Hercules agreement is unwarranted. When the second paragraph of the Pickering-Hercules agreement is closely examined, the intent and thrust thereof falls within the second paragraph of LSA-R.S. 23:1163, which provides, in pertinent part:
"Nothing herein shall be construed to prevent any employer from carrying his own insurance towards his own employees...."
When this part of the section is compared to the provisions of the second paragraph of the Pickering-Hercules agreement, to-wit:
"Producer is engaged or may in the future be engaged in the harvesting and sale of stumpwood to Hercules Incorporated, and has elected to have workmen's compensation insurance covering all operations and all of the employees and/or Sub-Producers who may be engaged by *1190 Producer in said work." (Underscoring added.)
it quite clearly appears that such agreement is within the permissibility of the section and, thus, cannot be said to violate it.
Therefore, although permitted by statute, whether such arrangements factually operated to force plaintiff to pay for his own compensation coverage is a question of fact which is both material and unresolved here. Under such circumstances, summary judgment is not warranted.
For the reasons assigned, we hold that summary judgment was improvidently granted.
The judgment of the District Court is reversed and the case is remanded to the District Court for further proceedings consistent herewith. Costs of this appeal are assessed against the appellees.
REVERSED AND REMANDED.
NOTES
[*] Judge Hugh E. Brunson of the Fifteenth Judicial District Court participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.
[1] Although Malone and Johnson, Louisiana Civil Law Treatise, Workers Compensation Vol. 13, p. 145, argue persuasively for a less restrictive rule under LSA-R.S. 23:1021(6) as to independent contractors then set in place by Lushute v. Diesi, such contrary view has not been adopted by the courts, and should not be newly engrafted into the stream of jurisprudential authority in a summary judgment frame of reference.
[2] Nailor v. International Harvester Co., 430 So.2d 784 (La.App. 5th Cir.1983); First Homestead Federal Savings & Loan v. Coleman, 446 So.2d 551 (La.App. 3rd Cir.1984); Lemoine v. Thomas, 157 So.170 (La.App. 2nd Cir.1934); Leger v. Delano Plantation, Inc., 350 So.2d 377 (La.App. 3rd Cir.1977); Delahoussaye v. Porrier, 232 So.2d 562 (La.App. 3rd Cir.1970); England v. First National Life Insurance Co., 16 La.App. 97, 132 So. 522 (Orleans 1931).
[3] "... The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." (Underscoring added.) La.C.C.P. Art. 966(B).