552 So.2d 1022 (1989)
Calvin JOHNSON
v.
SLIDELL MEMORIAL HOSPITAL.
No. CA 88 1620.
Court of Appeal of Louisiana, First Circuit.
November 14, 1989.
Rehearing Denied December 13, 1989.
Kern A. Reese, New Orleans, for plaintiff, appellant.
Michael M. Remson, Baton Rouge, for defendant, appellee.
*1023 Before CARTER, SAVOIE and ALFORD, JJ.
ALFORD, Judge.
The plaintiff, Calvin Johnson, appeals the trial court judgment in favor of defendants, Slidell Memorial Hospital, Dr. Vicky Hebert, and Dr. Miguel Culasso, granting their motions for summary judgment and dismissing plaintiff's suit.
Plaintiff alleges in his original and amended petitions that the actions of the defendants herein, in failing to provide appropriate emergency medical care following his vehicular accident exacerbated his injuries. Plaintiff claims on appeal that the trial judge erred in granting summary judgment as certain questions of material fact existed.
In rendering judgment on a motion for summary judgment, the trial judge must consider the pleadings, depositions, admissions and affidavits which have been filed into the record or admitted into evidence. La.C.C.P. art. 966. See Pickering v. Hercules Inc., 486 So.2d 1185 (La.App.3d Cir.1986). See also Higgenbotham v. Ochsner Foundation Hospital, 607 F.2d 653 (5th Cir.1979). In so holding, we clarify the language of this court in Placid Refining Co. v. Privette, 523 So.2d 865 (La.App. 1st Cir.), writ denied, 524 So.2d 748 (La.1988). In Placid, deposition excerpts and affidavits were submitted as attachments to defendant's memorandum; however, the memorandum was not properly filed into the record. While the words "introduced into evidence" were used, we merely meant to require introduction of the improperly filed documents into the record. Louisiana Code of Civil Procedure article 966 does not contemplate the necessity of introducing items already filed in the record into evidence at the hearing on the motion for summary judgment.
Consequently, the deposition testimony of plaintiff[*] and Doctors Braden, Epps, and Hebert, and the affidavits of Nurse Boles and Mrs. Verna Johnson, which were filed into the record, were properly considered by the trial court. The testimony of plaintiff reflects the allegation that he informed hospital personnel of his head, neck and back pain. This testimony was directly contradicted by the affidavit of the emergency room nurse, Nurse Boles, and by the deposition testimony of Dr. Hebert. Clearly, this conflict in testimony presents a genuine issue as to a material fact which precludes rendition of a summary judgment. La.C.C.P. art. 966. The credibility of witnesses or doubt as to whether a party alleging a fact will be able to sustain his burden of proof are improper considerations in determining the existence of a genuine issue of material fact. Lytell v. Goodyear Tire & Rubber Co., 439 So.2d 542 (La.App. 1st Cir.1983); Gulf-Wandes Corp. v. Vinson Guard Service, Inc., 393 So.2d 207 (La.App. 1st Cir.1980), writ denied, 397 So.2d 1359 (La.1981).
Accordingly, the judgment of the trial court is reversed and the case is remanded for trial on the merits. Costs of this appeal are to be borne by appellees herein; assessment of all other costs is to be made upon final determination of the case.
REVERSED AND REMANDED.
NOTES
[*] Although only excerpts of plaintiff's deposition were filed, La.C.C.P. art. 1450 allows the use of any part or all of a deposition upon the hearing of a motion.