602 So.2d 243 (1992)
SUCCESSION OF Reba Coody CROWE, Plaintiff-Appellant,
v.
Sam O. HENRY, III and Shearon Henry, Defendants-Appellees.
No. 23713-CA.
Court of Appeal of Louisiana, Second Circuit.
June 24, 1992.
*244 Sue Ellen Crowe Silman, Oak Grove, in pro per.
Ward & Clesi, New Orleans by Joseph R. Ward, Jr. and Lynn H. Frank, for Succession of Reba Crowe.
Hamilton & Carroll, Oak Grove by Orlando N. Hamilton, for defendants-appellees.
Ward & Clesi, New Orleans by Joseph R. Ward, Jr. and Lynn H. Frank, for Larry Crowe.
Hayes, Harkey, Smith, Cascio & Mullens, Monroe by Joseph D. Cascio, Jr., for Blackwell, Chambless, Hobby & Henry, Douglas C. Caldwell, K.T. Cagle & Continental Cas. Co.
Before MARVIN, SEXTON and VICTORY, JJ.
MARVIN, Chief Judge.
In this action to annul the sale of about 900 acres of farmland in West Carroll Parish, plaintiff, the Succession of Reba Coody Crowe, through its administratrix, Sue Ellen Crowe Silman, appeals a summary judgment rejecting its demands against defendants, Mr. and Mrs. Henry, who purchased the property in 1987, by private sale approved by court order, from decedent's widower and provisional administrator, Larry Crowe.
We reverse.
The Crowes and Henrys were longtime friends before Mrs. Crowe's death. Mr. Henry also had served as the attorney for the Crowes for many years and for Mrs. Crowe's succession until this dispute arose in 1990.
The trial court found that the sale could not be annulled as a simulation or on the basis of lesion, but did not consider, as a separate ground for nullity, the attorney's alleged breach of his professional fiduciary duty to deal fairly and reasonably in acquiring an interest in property which is adverse to the client's interest. See Rule 1.8 of the Rules of Professional Conduct, partially quoted infra. The Rules of Professional Conduct have the effect of substantive law. Succession of Cloud, 530 So.2d 1146 (La.1988); Succession of Wallace, 574 So.2d 348 (La.1991).
Because of the attorney-client relationship, the issue of whether the fiduciary duty was breached is seldom susceptible of resolution by summary judgment. This record suggests genuinely contested material factual disputes about the transaction between the defendant attorney and the former client, precluding summary judgment. CCP Art. 966; Succession of Cloud, supra; Soderquist v. Kramer, 595 So.2d 825 (La.App. 2d Cir.1992).
We remand for further proceedings.

*245 DISCUSSION
Larry Crowe, the decedent's husband and co-owner of the property, executed the March 1987 private sale in his individual capacity and as provisional administrator of the succession with court approval, to sell the decedent's interest to the Henrys. The recited consideration was the assumption by the Henrys of three secured debts, in amounts that originally totaled over $900,000. The sale does not state what amounts were owed on these debts when the sale occurred.
Henry had represented Crowe for many years before the sale and had had prior business dealings with Crowe. They were good friends even for a few years after the sale.
In April 1990, Henry entered into a farm operating agreement for the year 1990 with Pioneer Sweet Potato Co., Inc. and its principals, Larry Crowe and William Eubanks, on the land sold to Henry and on other land in a neighboring parish. Pioneer agreed to farm the land and to pay $30,000 by April 15, 1990, "to be applied to annual debt." A dispute arose between Henry and Crowe over whether the payment was to be made to the mortgagee of the property or to Henry, who would in turn pay the mortgagee. This dispute provoked the dispute as to who owned the land and the filing of the action to annul.
In June 1990 Henry notified Crowe that he would no longer represent him on any legal matters. In July, the Henrys sued Pioneer, Crowe and Eubanks, alleging that the $30,000 "lease" payment due on April 15 had not been paid. Crowe disputed the Henrys' ownership of the land in that suit, which was consolidated for trial purposes with this suit to annul the sale that was brought by the Succession of Reba Coody Crowe in August 1990.
The petition to annul alleged that the sale was a simulation because the parties did not intend to transfer ownership, but merely to shield the property from Larry Crowe's creditors; that Henry assured Crowe that he would transfer the property back to Crowe's name at Crowe's request but had refused to do so; that the sale was lesionary because the fair market value of the property was over $800,000 and the price purportedly paid (the actual debt assumed) was about $200,000; and that Henry obtained the property from the succession while acting as its attorney and without having had the succession property inventoried or appraised.
The petition also "alleged" that Henry, "as the attorney, has the burden of proving that this transfer was made in good faith without disadvantage to his client, and that it was fair and equitable," citing Boisdore v. Bridgeman, 502 So.2d 1149 (La.App. 4th Cir.1987) and Searcy v. Novo, 188 So. 490 (La.App. 2d Cir.1939).
The motion for summary judgment, which the Henrys filed only in the suit to annul brought by the succession, was granted on findings that the sale could not be annulled as a simulation, unsupported by any consideration, because Henry's affidavit in support of the motion showed that the Henrys had paid some of the debts they assumed in the sale, and that the sale could not be rescinded as lesionary because it was made with court approval and CC Art. 2594 provides that sales of immovables "made by virtue of any decree or process of a court of justice" cannot be rescinded for lesion.
The succession did not formally oppose the motion or file counteraffidavits.
The motion for summary judgment did not address, factually or legally, the attorney-client relationship between Henry and Larry Crowe, the succession representative at the time of the sale. This relationship is governed by the Rules of Professional Conduct. Rule 1.8 provides in part:
As a general principle, all transactions between client and lawyer should be fair and reasonable to the client. Furthermore, a lawyer may not exploit his representation of a client or information relating to the representation to the client's disadvantage. Examples of violations include, but are not limited to, the following:
(a) A lawyer shall not enter into a business transaction with a client or knowingly *246 acquire an ownership, possessory, security or other pecuniary interest adverse to a client unless:
(1) The transaction and terms on which the lawyer acquires the interest are fair and reasonable to the client and are fully disclosed and transmitted in writing to the client in a manner which can be reasonably understood by the client;
(2) The client is given a reasonable opportunity to seek the advice of independent counsel in the transaction; and
(3) The client consents in writing thereto.
Because the lawyer's duty under the Rules of Professional Conduct is a matter of substantive law, the claims of the breach of that duty by a lawyer must be addressed even where other provisions of the law appear to preclude recovery against the lawyer. See Succession of Cloud and Soderquist v. Kramer, both cited supra. See also Matthews v. Spears, 24 So.2d 195 (La. App. 1st Cir.1945) and Searcy v. Novo, supra.
The petition to annul the sale alleges the attorney-client relationship and generally alleges that Henry breached his fiduciary duty to deal fairly and reasonably with Crowe in that transaction. Other filings which we conclude are in the record, such as the depositions of Henry and Crowe, disclose many disputed material facts about whether the professional fiduciary duty was breached, as alleged.
The depositions were filed in the record while the motion for summary judgment was pending and are among the filings that CCP Art. 966 directs the trial court to consider when deciding a motion for summary judgment, even if the depositions are not formally introduced "in evidence" or in opposition to the motion. Pickering v. Hercules, Inc., 486 So.2d 1185 (La.App. 3d Cir.1986); Johnson v. Slidell Memorial Hospital, 552 So.2d 1022 (La.App. 1st Cir. 1989), writ denied.
Summary judgment is not warranted on this record, notwithstanding that the succession did not file counter-affidavits or other formal opposition to the motion, because the Henrys, as the parties moving for summary judgment, did not meet their burden of affirmatively showing that there were no genuine issues of material fact and that they were entitled to judgment as a matter of law dismissing the action for nullity arising from the attorney-client transaction. Art. 966; Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772 (La. 1980); Baker v. Ingram, 447 So.2d 101 (La.App. 4th Cir.1984); Soderquist v. Kramer, supra.
A summary judgment must grant all or part of the relief sought by the moving party, and may not be used to dispose of certain issues or theories of recovery without granting at least some of the ultimate relief prayed for by one of the parties. Art. 966; Smith v. Hanover Ins. Co., 363 So.2d 719 (La.App. 2d Cir.1978); Dryades Sav. and Loan Ass'n v. Lassiter, 400 So.2d 894 (La.1981); Pizzolato v. Field, 441 So.2d 1248 (La.App. 1st Cir.1983).
The relief sought by the succession representative in the petition was annulment or rescission of the sale, on several theories of recovery, coupled with a claim for damages for the profits and fruits derived from the property since 1987. The relief sought by the Henrys in the motion for summary judgment was dismissal of the entire action, on the assertion that simulation and lesion were the only two theories of recovery alleged in the petition. That assertion in an action against an attorney who acquires an interest in his client's property is legally erroneous. The summary judgment "denied ... the claims of [the succession representative and] dismissed [her suit] with prejudice."
The trial court did not consider the attorney-client relationship when it found, as a matter of law, that the sale could not be annulled as a simulation or for lesion. The attorney's duty to the client under the Rules of Professional Conduct cannot be overridden by other laws which tend to impede or frustrate the exclusive authority of the Louisiana supreme court to regulate the practice of law. See Succession of Cloud, Succession of Wallace and Soderquist v. Kramer, all cited supra. A transaction between an attorney and a *247 client is closely scrutinized and may be annulled even though the same transaction with a non-client without overreaching may be found unobjectionable. Searcy v. Novo, supra.
Under the circumstances of this record, we must reverse the summary judgment. We do not address the allegations of simulation and lesion in any respect. This court has not decided whether CC Art. 2594 applies to private sales made with court approval, as well as to public sales. Two of our brother circuits have reached opposite conclusions. See and compare Middle Tennessee Council, Boy Scouts of Am. v. Ford, 205 So.2d 867 (La.App. 1st Cir.1967) and Fogelman v. Roy O. Martin Industries, 440 So.2d 954 (La.App. 3d Cir.1983), writ denied. The trial court implicitly found that Art. 2594 applies to private sales, following Fogelman.
Because we reverse the judgment on other grounds, we do not review the trial court's implied interpretation of Art. 2594.

DECREE
We reverse the summary judgment and remand for further proceedings at the cost of defendants.