618 So.2d 537 (1993)
Avel MALDANADO
v.
The STATE of Louisiana, Through the DEPARTMENT OF TRANSPORTATION, et al.
No. 93-C-0418.
Court of Appeal of Louisiana, Fourth Circuit.
April 28, 1993.
Paul V. Cassisa, Jr., Robert A. Knight, Bernard, Cassisa, Saporito & Elliott, New Orleans, for relator, Smith & Wesson Corp.
Thomas W. Mull, Mull & Mull, Covington, for respondent, Avel Maldanado.
Before CIACCIO, WARD and LANDRIEU, JJ.
CIACCIO, Judge.
On the application of relator, Smith & Wesson Corporation, we grant certiorari in order to consider the judgment of the trial court denying relator's motion for summary judgment.
Plaintiff, Avel Maldanado, was arrested by Sergeant Walter Clement of the Louisiana State Police for speeding, driving left of center, resisting arrest by flight, driving with a suspended license and driving while intoxicated. At the time of the arrest, Sergeant Clement handcuffed Maldanado and took him to the Slidell Police Station where the handcuffs were removed. While riding to the police station, Maldanado allegedly complained the handcuffs were fastened too tightly and repeatedly asked Sergeant Clement to remove them but he refused.
Subsequently, Maldanado filed suit against Sergeant Clement, the State of Louisiana through the Department of Transportation, and the manufacturer of the handcuffs, either Smith & Wesson Corporation or Peerless Handcuff Company, alleging that he sustained bilateral carpal tunnel syndrome and nerve damage as a result of the prolonged compression of the handcuffs on his wrists and that the handcuffs were defective in design and/or unreasonably dangerous for the use intended.
Defendant, Smith & Wesson, filed a motion for summary judgment, alleging that plaintiff does not nor will ever know which company manufactured and distributed the handcuffs used by Sergeant Clement during the arrest of plaintiff, and thus there is no genuine issue of material fact as to an essential element of the claim. The trial court denied Smith & Wesson's motion for summary judgment finding that there was still an issue of material fact, "whether or not the officer was using Smith & Wesson or Peerless handcuffs." Smith & Wesson applied for writs, seeking supervisory review of that ruling.
Smith & Wesson contends that the only persons who might know the manufacturer of the handcuffs used during Maldanado's arrest are Sergeant Clement and Maldanado. It further contends that both of these witnesses have admitted under oath that *538 they do not know who manufactured the handcuffs. Sergeant Clement testified at his deposition that he had six pairs of handcuffs, some Smith & Wesson and some Peerless, but that he did not know which pair he used in the arrest of Maldanado. Smith & Wesson concludes that to allow a jury to speculate on this issue, especially when the parties involved did not possess such knowledge, would be a gross injustice to Smith & Wesson Corporation.
In support of its motion for summary judgment, Smith & Wesson relies on the case of Burrell v. Baton Rouge Securities Co., 169 So.2d 668 (La.App. 1st Cir.1964), wherein the court stated:
The very purpose of a motion for summary judgment is to pierce behind the allegations in the petition which may set up a cause of action but upon which the plaintiff cannot produce any proof whatever in support of same.
In Burrell, supra, plaintiffs alleged that the defendant-lender, Baton Rouge Securities Co., was aware of a fraudulent scheme that was to be perpetuated on them by two other defendants, involving a sale of aluminum siding for plaintiffs' house. They alleged that in furtherance of the fraudulent scheme, the lender financed a loan and had plaintiffs execute a mortgage on their home in the amount of $2856.00. Plaintiffs, however, failed to produce by affidavit or deposition any fact in support of their allegations while the finance company, in support of its motion for summary judgment, submitted an affidavit of an attorney/notary public to the effect that plaintiffs had been fully advised of the effects of the collateral mortgage given by them before executing same.
Smith & Wesson also relies on Fontenot v. Upjohn, Co., 780 F.2d 1190, 1195 (5th Cir.1986) relative to the importance of summary judgments in the conflict of product liability litigation. There the court states:
The crucial question to the court is whether there is a "genuine issue" of fact concerning any initial element of the claim on which judgment is being sought. If the moving party can show that there is no evidence whatsoever to establish one or more essential elements of a claim on which the opposing party has the burden of proof, trial would be a fruitless exercise, baited for an inevitable result, but at a continued expense for the parties, the preemption of a trial date that might have been used for other litigants waiting impatiently in a judicial queue and a burden on the court and the taxpayer.
In the instant case, the depositions of both plaintiff and the arresting officer have been taken, interrogatories, requests for production of documents and requests for admissions have been propounded. More than three years has elapsed since plaintiff filed his suit, and through discovery he has not shown or offered proof as to who the manufacturer and distributor of the handcuffs was or which handcuffs were, in fact, used in his arrest.
In its response to relator's writ application, plaintiff relies on the case of Carroll v. Newtron, 477 So.2d 719 (La.App. 3rd Cir.1985). In that case an alarm system malfunctioned on the night of a fire. The trial court found that there remained a factual issue as to which, if any, of the instruments incorporated into the alarm system were defective and denied the defendant instrument manufacturers' motion for summary judgment. That case is distinguishable from the present case. In Carroll v. Newtron, supra, there was no dispute as to the identity of the manufacturers of the various components but a material issue of fact as to which of the components, if any, was defective. Unlike the plaintiff in Carroll, plaintiff here has admitted his inability to prove which handcuffs were used at the time of his arrest and thus, unable to ever prove the identity of the manufacturer.
A motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories, admissions and affidavits, if any, show there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. C.C.P. art. 966.
The evidence submitted to the trial court on Smith & Wesson's motion for summary *539 judgment clearly indicates that the identity of the manufacturer of the handcuffs used in the arrest of plaintiff has not and cannot be determined. As it is plaintiff's burden to prove every element of his case, including the identity of the manufacturer of the handcuffs, and in light of his admission that he cannot identify the handcuffs used or the identity of its manufacturer, the trial court erred in not granting relator's motion for summary judgment.
For the above reasons, the judgment of the trial court denying relator's motion for summary judgment is reversed. Summary judgment in favor of Smith & Wesson Corporation is hereby granted, dismissing plaintiff's claims against it.
REVERSED AND REMANDED.