745 So.2d 704 (1999)
Margaret M. McNAMARA, Plaintiff,
v.
AMERICAN LIBERTY INSURANCE COMPANY, et al., Defendants.
[American Liberty Insurance Company; Lake Charles Poultry, Inc.; and Dana T. MyersDefendants & Third-Party Plaintiffs/Respondents].
[General Motors Corporation Defendant & Third-party Defendant/Relator].
No. W99-175.
Court of Appeal of Louisiana, Third Circuit.
October 13, 1999.
Writ Denied January 14, 2000.
*705 Thomas Walter Sanders, Lake Charles, for Margaret M. McNamara.
John B. Scofield, W. Todd Fontenot, Lake Charles, for American Liberty Ins. Co., et al.
Paul V. Cassisa, Sr., Howard Bruce Kaplan, Metairie, Eric Pope, Lake Charles, for General Motors Corp.
Before THIBODEAUX, PETERS, and GREMILLION, Judges.
PETERS, J.
This writ application is before us on remand from the supreme court. The issue to be determined is whether the trial court erred in refusing to grant General Motors Corporation's motion for summary judgment filed in connection with a suit for personal injury and property damages.
Margaret M. McNamara filed the instant suit for personal injury and property damages against Lake Charles Poultry, Inc. (Lake Charles Poultry); American Liberty Insurance Company (American Liberty), the automobile liability insurer of Lake Charles Poultry; and Dana T. Myers in connection with an automobile accident that occurred on or about July 9, 1996, when a vehicle owned by Lake Charles Poultry and driven by Myers collided with a vehicle driven by Ms. McNamara. The defendants filed a third-party demand against General Motors Corporation (GM), the manufacturer of the vehicle owned by Lake Charles Poultry and driven by Myers at the time of the collision, alleging that as a consequence of the design and manufacture of the vehicle, a wasp entered the vehicle through the roof-mounted ventilation system, making contact with Myers' face and thus causing him to be distracted and to collide with the McNamara vehicle. Ms. McNamara then amended her petition to add GM as a defendant.
Subsequently, GM filed a motion for summary judgment, contending that there was no evidence that the wasp entered through the overhead vent. The trial court denied the motion for summary judgment, and GM sought supervisory writs in this court. American Liberty, Lake Charles Poultry, and Myers filed a motion with this court to strike certain exhibits attached to GM's writ application. This court did not rule on the motion to strike but, in an unpublished writ decision, denied GM's writ application, finding no abuse of discretion in the trial court's ruling, in McNamara v. American Liberty Insurance Co., 99-175 (La.App. 3 Cir. 2/8/99). GM applied for writs to the Louisiana Supreme Court, which granted the writ application and remanded to this court "for briefing, argument and opinion." See McNamara v. American Liberty Ins. Co., 99-0821 (La.5/7/99); 740 So.2d 1292. It is in this posture that the case is now before us.

Motion to Strike
In its writ application, GM attached four exhibits that it had attached to the memorandum in support of its motion for summary judgment presented to the trial court. Exhibit 1 is a police report, Exhibits 2 and 3 are photographs of the overhead vent, and Exhibit 4 is the deposition of Myers. American Liberty, Lake Charles Poultry, and Myers contend that these exhibits should be stricken from the writ application because they were not received into evidence at the hearing on the motion for summary judgment. Additionally, *706 American Liberty, Lake Charles Poultry, and Myers object to the substance of the exhibits, including the deposition, which they contend does not incorporate either the changes made by Myers pursuant to errata sheets or his verification.
La.Code Civ.P. art. 966(B) provides in part that summary judgment shall be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966 does not contemplate the necessity of introducing into evidence at the hearing on the motion for summary judgment items already filed in the record. Johnson v. Slidell Mem'l Hosp., 552 So.2d 1022 (La.App. 1 Cir.1989), writ denied, 558 So.2d 571 (La.1990). In order for a document to be considered on a motion for summary judgment, it must either be filed into evidence at the hearing on the motion for summary judgment or filed into the record. Hopper v. Crown, 560 So.2d 890 (La.App. 1 Cir.1990); see also Succession of Crowe v. Henry, 602 So.2d 243 (La.App. 2 Cir.1992) (holding that certain depositions that were filed in the record while the motion for summary judgment was pending were among the filings that La. Code Civ.P. art. 966 directs that the trial court consider when deciding a motion for summary judgment, even if the depositions were not formally introduced into evidence). Thus, we find that we may consider GM's exhibits because they were filed into the record.
Concerning the substantive grounds for the motion to strike, neither the police report nor Myers' corrected deposition adds anything to our analysis of the issue at hand. Additionally, American Liberty, Lake Charles Poultry, and Myers admit in their brief that the photos of the overhead vent accurately depict the interior and exterior of the vent, and four very similar photographs of the overhead vent were actually introduced into evidence at the hearing on the motion for summary judgment. Thus, we reject the motion to strike.

Motion for Summary Judgment
The burden of proof on a motion for summary judgment is with the movant. La.Code Civ.P. art. 966(C)(2). However, since GM will not bear the burden of proving causation at the trial on the matter, its burden on the motion for summary judgment requires that it point out to the court that there is an absence of factual support for one or more elements essential to the opposing parties' claim. See id. Thereafter, if the opposing parties fail to produce factual support sufficient to establish that they will be able to satisfy their evidentiary burden of proof at trial, there is no genuine issue of material fact. See id.
On or about July 9, 1996, an accident occurred when the GMC truck driven by Myers collided with a vehicle being driven by Ms. McNamara. The accident occurred on U.S. Highway 171 between Lake Charles, Louisiana, and DeRidder, Louisiana. At the time of the accident, Myers was in the course of his employment with Lake Charles Poultry. Just prior to the accident, Ms. McNamara was southbound on the highway and Myers was northbound, when a wasp struck Myers in the face. Myers claimed that he was distracted by the wasp, which cause him to enter into Ms. McNamara's lane of travel and collide with her.
In his deposition, Myers testified that he did not actually see the wasp enter the cab of the truck through the overhead vent. Thus, there is no direct evidence that the wasp entered the truck through the vent, but circumstantial evidence to that effect does exist. Specifically, Myers testified that the overhead vent was above him and to the right, that the vent was set up "in the forward position," that the wind was being forced down through the roof of the cab on the right side of his face and shoulder, that he "saw [the wasp] peripherally *707 from above and to the right," and that the wasp struck him on his right cheek just below his eye but did not sting him. Photographs of the vent depict a scoop-like structure with the lid of the vent elevated above the roof of the truck, open toward the direction of airflow, and protruding slightly forward over the vent itself. The appearance of the vent in the interior of the truck is that of gratings slightly angled. Myers testified that the vent contained no screen. Thus, the design of the overhead vent could have allowed a wasp to enter the cab of the truck; the wasp came from the direction of the overhead vent; the wasp struck but did not sting Myers, consistent with being propelled into him by the force of the air; and the wasp struck Myers on the right side of his face in the same area in which air was being directed from the overhead vent.
"When the evidence relied upon is solely circumstantial, that evidence, taken as a whole, must exclude every other reasonable hypothesis with a fair amount of certainty." Stroik v. Ponseti, 96-2897, p. 10 (La.9/9/97); 699 So.2d 1072, 1079. However, the circumstantial evidence need not negate all possible hypotheses. George v. Pigno, 97-127 (La.App. 3 Cir. 6/4/97); 696 So.2d 186, writ denied, 97-1798 (La.10/13/97); 703 So.2d 620.
GM contends that the trial court erred in failing to grant its motion for summary judgment because the circumstantial evidence cannot exclude other reasonable possibilities with a fair amount of certainty. Specifically, GM points to two other possible ways the wasp could have entered the truck, i.e., (1) through one of the two open windows or (2) through an open door, such that the wasp was already in the truck when Myers began operating it.
Myers did testify that when he entered the truck, he rolled the windows down and that he did not examine the truck for insects. Myers guessed that it was possible that there could have been insects in the truck and that he did not see them. He testified that he was driving about fifty to fifty-five miles per hour and that he was in the truck for approximately fifteen to thirty minutes before the accident occurred. It is possible that the wasp could have entered the cab of the truck when Myers opened the door to the truck or that it could have entered through one of the open windows while Myers was traveling down the highway. However, as set forth above, the circumstantial evidence must exclude, with a fair amount of certainty, only reasonable and not merely possible hypotheses.
In support of its position, GM cites Maldanado v. State, Through Department of Transportation, 618 So.2d 537 (La.App. 4 Cir.), writ denied, 623 So.2d 1309 (La. 1993), in which the plaintiff filed suit for damages allegedly sustained from handcuffs placed on him pursuant to his arrest. The plaintiff filed suit against, among others, the manufacturer of the handcuffs; however, the plaintiff named two possible manufacturers of the handcuffs. One of the named manufacturers filed a motion for summary judgment, alleging that the plaintiff did not and never would know which of the two companies manufactured and distributed the handcuffs used in the arrest. The arresting officer testified in deposition that he had six pairs of handcuffs, some of which were manufactured by one of the alleged manufacturers and some of which were manufactured by the other alleged manufacturer, and that he did not know which pair he used in the arrest. The plaintiff even admitted his inability to prove which handcuffs were used at the time of the arrest and thus was unable to prove the identity of the manufacturer. The trial court denied the manufacturer's motion for summary judgment, but the fourth circuit reversed and granted the motion, finding that the identity of the manufacturer had not and could not be determined. Maldanado is distinguishable from the instant case because the identity of the manufacturer is known in the case at hand. The unknown fact in this case, i.e., how the wasp entered the *708 truck, can reasonably be inferred from the circumstantial evidence presented, unlike the situation presented in the Maldonado case.
In Lyons v. Airdyne Lafayette, Inc., 558 So.2d 277 (La.App. 3 Cir.1990), the plaintiff sued his employer and his coworker for damages under the intentional-act exception to the Louisiana Workers' Compensation Act. Specifically, the plaintiff alleged that he was injured on the job when his coworker knowingly and intentionally unleashed at him air from a compressor unit, knowing that the compressive force of the air would hit him with such velocity as to make it substantially certain that he would suffer physical injuries as a result. The defendants filed motions for summary judgment, contending that the coworker's action was not an intentional act and that, therefore, the plaintiffs sole remedy was in workers' compensation. In his affidavit, the coworker attested that his actions were part of the repair procedure for the compressor and that he did not believe that the plaintiffs injuries were likely to follow from his actions and did not desire to injure or cause harm to the plaintiff. The plaintiff testified in deposition that following the incident, the coworker, along with another coworker, began to laugh as though it were a joke, that they played jokes on each other, and that his coworker might have been paying him back for something. The coworker stated in affidavit that he laughed following the incident because the plaintiff did not appear to be injured and the incident was funny. The third circuit affirmed the trial court's granting of the motions for summary judgment. However, the supreme court granted the plaintiffs writ and denied the motions for summary judgment, finding that "[t]here [was] circumstantial evidence from which one could reasonably infer that the act was intentional, and weighing of factual evidence is inappropriate on a motion for summary judgment." Lyons v. Airdyne Lafayette, Inc., 563 So.2d 260 (La.1990).
Under the evidence presented in the instant case, there is circumstantial evidence from which one could reasonably infer that the wasp entered the truck through the unscreened overhead vent. The question of whether one of the proposed alternative methods of entry presents a sufficiently reasonable hypothesis and the question of whether the circumstantial evidence did not exclude these methods with a fair amount of certainty are factual ones, which are not appropriate for summary judgment. Therefore, we find no error in the trial court's denial of the motion for summary judgment, and we deny the writ. All costs are assessed to GM, and the case is remanded to the trial court for further proceedings.

WRIT DENIED.