PATRICIA RIVET MURRAY, Judge.
 

 | ]This is contractual dispute. The defendant, Harmon Construction, L.L.C. (“Harmon”), appeals from the trial court’s judgment granting summary judgment against it and in favor of the plaintiff, Foundation Materials, Inc. (“FMI”). For the reasons that follow, we reverse.
 

 
 *514
 
 FACTUAL AND PROCEDURAL HISTORY
 

 In November 2007, FMI commenced this suit against the alleged property owner and Harmon. In its petition, FMI alleged that it had entered into a subcontract with Harmon for the removal of an existing foundation on the property and for the labor, materials, and equipment for pilings to be driven on the property for the new foundation. FMI further alleged that the total sum due under all the agreements between it and Harmon was $110,820.00. FMI still further alleged that in August 2007 Harmon paid $40,345.00, leaving a balance due of $70,475.00. FMI attached to the petition, in globo, copies of the agreements between it and Harmon. (The attached documents were a July 2007 Demo Proposal; an August 2007 Piling Proposal Agreement; and three invoices, which totaled $110,820.00.)
 

 |2In response to the suit, Harmon filed an answer in April 2008 and a third party demand in August 2008 against White-Spunner Construction, Inc. (“WSC”).
 
 [1]
 

 Also in August 2008, FMI filed a motion for partial summary judgment seeking to recover from Harmon the balance due under the agreements between the parties, $70,475.00. In support, FMI submitted the affidavit of its president, Paul Tassin, who attested:
 

 • That FOUNDATION MATERIAL, INC. entered into a subcontract agreement with HARMON CONSTRUCTION, L.L.C. for the removal of existing foundation on the property ... and for the labor, materials and equipment for the driving of pilings on said property for the new foundation to be construed by HARMON CONSTRUCTION, L.L.C., at the request of the owner and/or the lessee thereof, totaling the sum of $110,820.00;
 

 • That defendant, HARMON CONSTRUCTION, L.L.C., has paid the sum of $40,345.00, leaving a balance due and owing to petitioner of $70,475.00, which amount remains due and owing, despite completion of all work by FOUNDATION MATERIAL, INC. under the contract with HARMON CONSTRUCTION, L.L.C.;
 

 • That payment due to FOUNDATION MATERIALS, INC., under said subcontract with HARMON CONSTRUCTION, L.L.C., was not contingent upon payment of any other contract between defendant, HARMON CONSTRUCTION, L.L.C., and any other contractor and/or subcontractor for the subject property.
 

 Opposing FMI’s motion for summary judgment, Harmon submitted an un-nota-rized affidavit of its owner, Clifton Harmon. Refusing to consider Mr. Harmon’s affidavit because it was not notarized, the trial court found that there were no genuine issues of material fact and that FMI was entitled to judgment as a matter of law. The trial court certified its decision granting FMI’s motion for partial summary judgment as final for purposes of La. C.C.P. art. 1915. ^Thereafter, the trial court summarily denied Harmon’s motion for new trial. In so doing, the trial court reasoned:
 

 The Plaintiff contends that the Court’s judgment is contrary to law and evidence because La.Code of Civil Procedure Art. 967 permits affidavits without being notarized. The Court has reviewed La.Code of Civil Procedure Art.
 
 *515
 
 967 and cannot find where such [is] permitted.
 

 All of the issues raised in movers’ Motion for New Trial, have been considered by the Court. Generally, a Motion for New Trial may be summarily denied in the absence of a clear showing in the motion for new trial of facts or law reasonably calculated to change the outcome or reasonably believed to have denied the applicant a fair trial.
 
 Allen v. Noble Drilling,
 
 93-2383 (La.App. 4 Cir. 5/26/94); 637 So.2d 1298. The mover in the instant matter has failed to raise any new issues for consideration, or any issues that would change the Court’s previous decision. Accordingly, pursuant to
 
 Sonnier v. Liberty Mutual Insurance Company,
 
 [258 La. 813,] 248 So.2d 299 (La.813[1971]) and
 
 Lopez v. Wal-Mart Stores,
 
 94-2059 (La.App. 4 Cir. 8/13[13]/97); 700 So.2d 215, this Court hereby Denies movers’ Motion for New Trial.
 

 This appeal by Harmon followed.
 

 DISCUSSION
 

 “Favored in Louisiana, the summary judgment procedure ‘is designed to secure the just, speedy, and inexpensive determination of every action’ and shall be construed to accomplish these ends.”
 
 King v. Parish National Bank,
 
 04-0337 (La.10/19/04), 885 So.2d 540, 545 (quoting La. C.C.P. art. 966 A(2)). Appellate courts review grants of summary judgment
 
 de novo
 
 using the same standard applied by the trial court in deciding the motion for summary judgment.
 
 Samaha v. Rau,
 
 07-1726, p. 3 (La.2/26/08), 977 So.2d 880, 882-83. According to that standard, summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966 B.
 

 |4A plaintiff may file a summary judgment motion at any time after an answer is filed. La. C.C.P. art. 966 A(1). The burden of proof remains with the moving party. La. C.C.P. art. 966 C(2). “Where the moving party bears the burden of proof at trial, that party can only meet its burden on summary judgment by coming forward with positive evidence demonstrating there is an absence of a genuine issue of material fact.”
 
 Northfield Ins. Co. v. Barlow,
 
 983 F.Supp. 1376, 1379 (N.D.Fla.1997). Stated otherwise, “a plaintiff moving for summary judgment must establish beyond peradventure the existence of each fact essential to his cause of action.” Frank L. Maraist,
 
 19
 
 Louisiana Civil Law Treatise: Evidence and Proof § 2.5 (2009). Because the defendant usually can offer controverting evidence (by affidavit or other competent evidence) showing a genuine issue of material fact, summary judgment in the plaintiff’s favor is rarely granted.
 
 Id.
 

 Only when the moving party has discharged the initial burden does the burden shift to the non-moving party to present evidence demonstrating that a material factual issue remains. “When a motion for summary judgment is made and supported, the non-moving party may not rest on the mere allegations or denials of his pleadings, but the non-moving party’s response, by affidavits or with other competent evidence as provided by law, must set forth specific facts showing that a genuine issue of material fact exists for trial. La. C.C.P. art. 967 B. If the non-moving party does not so respond, “summary judgment, if appropriate, shall be rendered against him.” La. C.C.P. art. 967 B.
 

 Based on our
 
 de novo
 
 review of the record, we conclude that FMI failed to make a
 
 prima facie
 
 showing that its mo
 
 *516
 
 tion should be granted. “A party who demands performance of an obligation must prove the existence of the obligation.” La. C.C. art. 1881. The only evidence FMI offered in support of its motion was the |,saffidavit of FMI’s president, Mr. Tassin. Mr. Tassin’s affidavit, tracking the language of FMI’s petition, states in a conclusory manner that the parties had a contractual agreement under which Harmon was obligated to FMI for the total sum of $110,820.00, that Harmon has paid $40,345.00, and that $70,475.00 remains due. Although FMI attached certain documents to its petition on which it stated its contractual claim was based, Mr. Tassin’s affidavit, as FMI concedes, does not refer to any document.
 
 [2]
 
 In order to establish its
 
 prima facie
 
 case, FMI was required to introduce the contract documents upon which its claim for $70,475.00 was based. The unsworn, unauthenticated documents attached to the petition were not properly before the trial court for consideration in deciding the motion for summary judgment. Given the lack of evidence to support FMI’s conclu-sory allegations, we find the trial court erred in granting summary judgment. We thus find it unnecessary to address the other assignments of error that Harmon raises on appeal.
 

 DECREE
 

 For the foregoing reasons, the judgment of the trial court is reversed and this matter is remanded for further proceedings.
 

 REVERSED.
 

 [1]
 

 . In its third party demand, Harmon alleged that it had subcontracted with FMI in order to perform certain services under its original subcontract with WSC. Harmon further alleged that WSC had failed to perform under the terms of the original subcontract and that WSC was liable to Harmon for any damages that FMI may be awarded in this case.
 

 [2]
 

 . This case does not involve the situation in which an affidavit refers to a document that is contained elsewhere in the record. In that situation, the jurisprudence has recognized that it is unnecessary to attach another copy of the document to the affidavit.
 
 McNamara v. American Liberty Ins. Co.,
 
 99-175, p. 3 (La.App. 3 Cir. 10/13/99), 745 So.2d 704, 706;
 
 Johnson v. Slidell Mem’l Hosp.,
 
 552 So.2d 1022 (La.App. 1st Cir.1989).