66 So.3d 1230 (2011)
FOUNDATION MATERIALS, INC.
v.
CARROLLTON MID-CITY INVESTORS, L.L.C. and Harmon Construction, L.L.C.
No. 2010-CA-0542.
Court of Appeal of Louisiana, Fourth Circuit.
May 25, 2011.
*1231 Irl R. Silverstein, David A. Silverstein, The Silverstein Law Firm, APLC, Gretna, LA, for Plaintiff/Appellee.
Scott G. Wolfe, Jr., Seth J. Smiley, Wolfe Law Group, L.L.C., New Orleans, LA, for Harmon Construction, LLC.
(Court composed of Judge TERRI F. LOVE, Judge MAX N. TOBIAS, JR., Judge PAUL A. BONIN).
MAX N. TOBIAS, JR., Judge.
This is a contractual dispute. The defendant, Harmon Construction, L.L.C. ("Harmon"), appeals from an adverse judgment granting summary judgment in favor of the plaintiff, Foundation Materials, Inc. ("FMI"), and awarding FMI $70,475.00 in damages, together with legal interest, attorneys' fees, and costs. For the following reasons, we affirm the trial court's judgment.
FMI was a subcontractor to Harmon in the construction of a Home Depot in New Orleans. Harmon was a subcontractor to White-Spunner Construction, Inc. ("WSC"), who acted as a general contractor on the project. In November 2007, FMI filed suit against Harmon and the property owner alleging it had entered into a contract with Harmon for the removal of an existing foundation on the property and for the labor, materials, and equipment for pilings to be driven on the property for the new foundation. According to FMI, the total sums due under all of the agreements between it and Harmon was $110,820.00, and that in August 2007, Harmon had made a $40,345.00 payment, leaving a remaining balance due of $70,475.00.
Harmon answered FMI's suit in April 2008, followed by a third party demand *1232 against WSC in August 2008.[1] Also in August 2008, FMI filed its original motion for partial summary judgment seeking to recover $70,475.00 from Harmon, the balance FMI claims was due under the agreements between the parties. Opposing FMI's motion, Harmon submitted an un-notarized affidavit of its owner, Clifton Harmon. Refusing to consider Mr. Harmon's affidavit because it was not notarized, the trial court found there were no genuine issues of material fact and that FMI was entitled to judgment as a matter of law. Accordingly, the trial court granted FMI's motion and Harmon appealed. Thereafter, we reversed on the ground that FMI failed to present a prima facie showing that its motion should be granted. See, Foundation Materials, Inc. v. Carrollton Mid-City Investors, L.L.C., 09-0414 (La.App. 4 Cir. 8/26/09), 17 So.3d 513. Specifically, the only evidence FMI offered in support of its original motion was the affidavit of its president, Paul Tassin, which did not refer to and/or authenticate any document (i.e., the contract documents upon which its claim was based), but rather, merely tracked the language of FMI's petition stating in a conclusory manner that the parties had a contractual agreement under which Harmon was obligated to FMI for the total sum of $110,820.00, of which a balance of $70,475.00 remained due and owing. Because the unsworn, unauthenticated documents attached to FMI's petition were not properly before the trial court for consideration in deciding the motion for summary judgment, we held the trial court erred in granting the motion. FMI filed a writ application to the Supreme Court, which was denied.
In December 2009, subsequent to the Supreme Court's denial of its writ application, FMI filed a second motion for partial summary judgment submitting the revised affidavit of Mr. Tassin, which specifically authenticates the contract documents upon which FMI's claim is based. Additionally, referenced in and attached to Tassin's affidavit, were copies of the contract documents evidencing the agreement between the parties. The documents included a Demo Proposal, dated, signed and accepted by Harmon's project manager, Rick Barrah, on 3 July 2007, which included a typewritten charge of $13,680.00 for demolition work at the jobsite, and a corresponding invoice (# 7247) dated 9 July 2007, submitted by FMI to Harmon for this demolition work in the amount of $13,680.00. Also attached to Tassin's affidavit was a Piling Proposal Agreement, which was signed and accepted by Barrah on 6 August 2007, showing a typewritten charge of $88,940.00 for foundation piling work and a handwritten charge of $8,200.00 for demobilization of equipment and restocking fees. Invoice # 7293, dated 13 August 2007, in the amount of $88,940.00 and representing the cost of the foundation piling work, and invoice # 7299, dated 17 August 2007, in the amount of $8,200.00 for the demobilization and re-stocking fees, were also attached to Tassin's affidavit.
In opposition to FMI's motion, Harmon submitted the purported affidavit of Clifton Harmon, which the trial court determined failed to set forth any specific fact rebutting the authenticity of the contract documents introduced into evidence by FMI at the hearing on its motion. In light of the record before it, the trial court granted FMI's second motion for partial summary judgment and awarded to it the sum of $70,475.00 together with legal interest *1233 and attorneys' fees in accordance with the terms set forth in the contract documents.
Harmon filed the instant appeal claiming the trial court erred in granting FMI's motion because FMI has, once again, failed to meet its burden establishing it is entitled to summary judgment and that there remain genuine issues of material fact precluding summary judgment in this case. Additionally, Harmon contends that FMI's motion was untimely in that sufficient discovery in this matter had not been completed prior to FMI's filing of its motion, and that the trial court abused its discretion in failing to conduct a hearing on Harmon's motion to amend its answer prior to hearing and ruling upon FMI's summary judgment motion based the court's misinterpretation of Local Rule 9.9.
"Favored in Louisiana, the summary judgment procedure `is designed to secure the just, speedy, and inexpensive determination of every action' and shall be construed to accomplish these ends." Foundation Materials, Inc. v. Carrollton Mid-City Investors, 09-0414, p. 3 (La.App. 4 Cir. 8/26/09), 17 So.3d 513, 515 citing King v. Parish National Bank, 04-0337 (La.10/19/04), 885 So.2d 540, 545 (quoting La. C.C.P. art. 966 A(2)). Appellate courts review grants of summary judgment de novo using the same standard applied by the trial court in deciding the motion for summary judgment. Foundation Materials, Inc., 09-0414, p. 3, 17 So.3d at 515. According to that standard, summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966 B.
We find that the affidavit of Tassin referencing and authenticating the contract documents, which were submitted and introduced into evidence by FMI in support of its motion for summary judgment, establish a prima facie case that FMI's motion should be granted. The amounts set forth in the July 2007 Demo Proposal and the August 2007 Piling Proposal Agreement, each signed and accepted by Harmon's project manager, Barrah, and substantiated by the three invoices, total $110,820.00. Accordingly, Tassin's affidavit and the attached contract documents sufficiently establish the existence of an obligation and/or agreement between the parties and the dollar amount FMI claimed due and owing.
Once the moving party has discharged the initial burden of establishing a prima facie case that it is entitled to summary judgment, the burden shifts to the non-moving party to present evidence demonstrating that a material factual issue remains. When a motion for summary judgment is made and supported, the nonmoving party may not rest on the mere allegations or denials of his pleadings, but the non-moving party's response, by affidavits or with other competent evidence as provided by law, must set forth specific facts showing that a genuine issue of material fact exists for trial. La. C.C.P. art. 967 B. If the non-moving party does not so respond, "summary judgment, if appropriate, shall be rendered against him." Id.
In the instant case, Harmon presented a three-page affidavit captioned "AFFIDAVIT OF CLIFTON HARMON" in opposition to FMI's summary judgment motion.[2] Included in the affidavit is the following:

*1234 BEFORE ME, undersigned Notary Public, personally came and appeared Robert G. Rogers, a person of the full age of majority and resident of Louisiana, who in fulfillment of the requirements of LA. C.C.P. Art. 1702,[3] declared under oath the following:
1. That this affidavit is based upon and supported by his personal knowledge and understanding;
2. That he is owner of Harmon Construction, L.L.C. ("Harmon");. . . . [Emphasis added.]
The affidavit goes on to attest to other things, including several declarations which are made merely "upon [the] belief" of the affiant.[4] On the third page, at the end of the attestations, appears the signature of Clifton Harmon, Sr., not of the named affiant, Robert G. Rogers.
We find the opposing affidavit submitted by Harmon is inconsistent and fatally flawed and, accordingly, must be disregarded altogether as it does not meet the requirements of article 967 of the Louisiana Code of Civil Procedure, which provides in pertinent part:
A. Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein . . . Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or by further affidavits.
B. When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.
The affidavit states that "Robert G. Rogers," and not "Clifton Harmon" is the person who declared under oath that the affidavit is based upon and supported by his own personal knowledge and understanding of the preceding facts; however, the affidavit is signed by someone other than Mr. Rogers. Article 967's requirement that affidavits should be made on personal knowledge must be strictly enforced. The affiant must affirmatively establish that he is competent to testify to the matters stated by a factual averment showing how he came by such knowledge. Barnes v. Sun Oil Co., 362 So.2d 761, 763 (La.1978). Personal knowledge means something the witness actually saw or heard, as distinguished from what he learned from some other person or source. Hibernia Nat. Bank v. Rivera, 07-962, pp. 8-9 (La.App. 5 Cir. 9/30/08), 996 So.2d 534, 539. The purpose of the requirement of "personal knowledge" is to limit the affidavit *1235 to facts which the affiant saw, heard, or perceived with his own senses. Id. Portions of affidavits not based on personal knowledge of the affiant should not be considered by the trial court in deciding a motion for summary judgment. Hibernia Nat. Bank, 07-962, p. 9, 996 So.2d at 540.
In the instant case, because we cannot reconcile from the affidavit whoRobert Rogers or Clifton Harmon, Sr.has the requisite personal knowledge or is competent to testify as to the matters set forth in the body of the affidavit opposing FMI's motion, we find that Harmon's opposing affidavit fails to satisfy the requirements of La. C.C.P. art. 967 and must be disregarded in these summary judgment proceedings. We then turn to the other documents submitted by Harmon in support of its opposition to determine if it has raised a genuine issue of material fact to defeat FMI's summary judgment motion.
Apart from the affidavit, the only documents relied upon by Harmon in opposing FMI's motion are its Exception, Answer, Amended and Supplemental Exceptions and Affirmative Defenses, and the Exceptions, Answer, and Amended Exceptions and Answer filed by WSC to Harmon's third party demand made against it. As noted in article 967, a party opposing a properly supported motion for summary judgment cannot rely on the mere allegations or denials of his pleadings to defeat the motion, but rather, must by affidavit, deposition, or answer to interrogatories, set forth specific facts to show that a genuine issue of material fact exists. Harmon has failed to do so.
FMI properly supported its motion for summary judgment with the affidavit of Tassin and its reference/attachment of the contract documents establishing a prima facie case that it is entitled to the balance owed under its contract with Harmon. Harmon was required to submit evidence by affidavit or otherwise rebutting FMI's claim and/or setting forth specific facts evidencing a genuine issue of material fact precluding summary judgment. Harmon's fatally flawed and contradictory affidavit does not set forth specific facts showing that a genuine issue for trial exists. The partial summary judgment granted in FMI's favor was correct.
Accordingly, we pretermit the other assignment of errors raised by Harmon on this appeal.

DECREE
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
BONIN, J., dissents with reasons.
BONIN, J., dissents with reasons.
I respectfully dissent.
There is a genuine issue of material fact which precludes summary judgment in this matter. See LA. C.C.P. ART. 966 B. That issue is whether Foundation Materials performed its obligations under the (sub)contract with Harmon Construction in order to collect contractual damages from Harmon. Foundation Materials is required to establish its performance both as movant and the party with the burden of proof at the trial. See LA. C.C.P. ART. 966 C(2).
On the one hand, Paul Tassin, the president of Foundation Materials, swears that his company is owed $70,475 "despite competition [sic] of all work" by his company under its contract. On the other hand, Clifton Harmon, Sr., the owner of Harmon Construction, swears that Foundation Materials "never completed the work it was required to complete under the Contract".[1]
*1236 Because I cannot determine on the basis of the competing affidavits whether the work required by the subcontract was completed or not, I disagree that summary judgment is proper.
NOTES
[1] In its third party demand, Harmon alleged that it had subcontracted with FMI in order to perform certain services under its original subcontract with WSC. Harmon further alleged that WSC had failed to perform under the terms of the original subcontract and that WSC was liable to Harmon for any damages that FMI may be awarded in this case.
[2] It is the law of Louisiana that the intent of a pleading should be determined by its substance rather than its caption. Ratcliff v. Boydell, 566 So.2d 197, 200 (La.App. 4th Cir. 1990). We find this equally applies to affidavits.
[3] La. C.C.P. art. 1702 sets forth the requirements necessary for the confirmation of a default judgment, which is not the proceeding involved in the instant case.
[4] Article 967 requires that affidavits be made on the personal knowledge of the affiant. The affidavit must affirmatively establish that the affiant is competent to testify to the matters stated by a factual averment showing how he came by such knowledge. Barnes v. Sun Oil Co., 362 So.2d 761 (La.1978). Personal knowledge encompasses only those facts which the affiant saw, heard or perceived with his own senses. Thus, no matter how apparently reliable, those matters occurring "upon belief" of the affiant are universally rejected as a substitute for personal knowledge and therefore cannot form the basis for defeating a motion for summary judgment.
[1] This sworn statement is aligned with the unsworn but well-pleaded answer and reconventional demand to the third party demand filed by the general contractor.