CHARLES R. JONES, Judge.
hThe appellant, Louisiana Citizens Property Insurance Corporation (Louisiana Citizens) seeks review of the district court judgment granting the partial motion for summary judgment of Citimortgage, Inc., the appellee. After a careful review of the record, we affirm the judgment of the district court granting the partial motion for summary judgment of appellee, Citi-mortgage, and denying the motion for summary judgment of Louisiana Citizens.
The instant action arose out of the alleged conversion of insurance proceeds by the executrix of a Succession. Ms. Diane Broussard Poree was the insured of Louisiana Citizens for property located at 3905-3907 Elysian Fields Avenue, in New Orleans. The property was also subject to a mortgage agreement between Ms. Poree and Citimortgage (originally in favor of City Wide Mortgage Company, but endorsed to Citimortgage), and the mortgage required that Ms. Poree maintain hazard insurance on said property. The contract of insurance further provides under the section titled “Policy Interests” that the first mortgagee on the subject property is Citimortgage and that the second mortgagee is Liberty Bank.
| ¿¡Following Hurricane Katrina, the property sustained significant damage and Ms. Poree filed a claim for losses with Louisiana Citizens, but she died on April 14, 2006, prior to receiving the insurance proceeds for her claim. Subsequently, Nike-cia Chase was appointed the independent executrix of the succession of Ms. Poree.
Louisiana Citizens issued the insurance proceeds of $56,363.27, via check (# 0000569419) payable to “Diane Brous-sard Poree, Liberty Bank & Trust Co., and CIT c/o Ms. Nikecia Chase,” to Ms. Chase on or about August 17, 2007, and same was endorsed by Ms. Chase and Liberty Bank. Ms. Chase received the insurance proceeds, but did not tender payment to Citimortgage toward satisfaction of the outstanding mortgage obli *257 gation. As a result of Ms. Chase absconding with and converting the funds for her own benefit, Citimortgage’s interest in the insured property was rendered unprotected, and any monies which were to be tendered to Citimortgage for the renovation of the property were lost.
Citimortgage thereafter filed a Petition for Damages as a result of its status as a “loss payee” under the Louisiana Citizens policy of insurance. Citimortgage claimed that the subject check should have been endorsed by the insured and then forwarded to Citimortgage to satisfy the mortgage agreement. Citimortgage also alleged that the actions of Ms. Chase constituted fraud, conversion, and breach of the promissory note and mortgage agreement. Finally, Citimortgage alleged that | ^Louisiana Citizens breached its contractual and fiduciary responsibilities under the policy of insurance by issuing the check to “CIT c/o Ms. Nikecia Chase.”
In response to the Petition, Louisiana Citizens filed a motion for summary judgment seeking a dismissal of the claims raised by Citimortgage.
Citimortgage filed its own partial motion for summary judgment to have the district court declare that Louisiana Citizens was liable for the allegations contained in the Petition.
At the hearing on the motions for summary judgment, the district court denied the motion for summary judgment of Louisiana Citizens, and granted the partial motion for summary judgment of Citimort-gage. In its reasons for judgment, the district court determined, in pertinent part, that:
Citimortgage was left unprotected by the release of funds to Chase. The funds were converted without any benefit to Citimortgage. There is no genuine issue of material fact in dispute concerning the endorsement. Pursuant to the law, Citimortgage is entitled to recoup such amounts from Citizens.
Louisiana Citizens noticed its intent to appeal, and this timely appeal followed.
In the instant appeal, Louisiana Citizens raises two (2) assignments of error, as follows:
(1) The district court improperly denied the motion for summary Judgment of Louisiana Citizens given that Citi-mortgage failed to produce any evidence to contradict that Louisiana Citizens satisfied its duties under the policy issued to Ms. Poree as evidenced by the check issued by Louisiana Citizens to the named insured and mortgagees; and,
(2) The district court improperly granted the partial motion for summary Judgment of Citimortgage given that Citimortgage failed to produce any evidence to contradict that Louisiana Citizens satisfied its duties |4under the policy issued to Ms. Poree as evidenced by the check issued by Louisiana Citizens to the named insured and mortgagees.

DISCUSSION

In a recent case, Foundation Materials, Inc. v. Carrollton Mid-City Investors, L.L.C., 2010-0542, pp. 4-5 (La.App. 4 Cir. 5/25/11), 66 So.3d 1230, 1233, this Court discussed the standard of review for summary judgments as follows:
“Favored in Louisiana, the summary judgment procedure ‘is designed to secure the just, speedy, and inexpensive determination of every action’ and shall be construed to accomplish these ends.” Foundation Materials, Inc. v. Carroll-ton Mid-City Investors, 09-0414, p. 3 (La.App. 4 Cir. 8/26/09), 17 So.3d 513, 515 citing King v. Parish National Bank, 04-0337 (La.10/19/04), 885 So.2d *258 540, 545 (quoting La. C.C.P. art. 966 A(2)). Appellate courts review grants of summary judgment de novo using the same standard applied by the trial court in deciding the motion for summary judgment. Foundation Materials, Inc. v. Carrollton Mid-City Investors, 09-0414, p. 3,17 So.3d at 515. According to that standard, summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966 B.
[[Image here]]
Once the moving party has discharged the initial burden of establishing a prima facie case that it is entitled to summary judgment, the burden shifts to the non-moving party to present evidence demonstrating that a material factual issue remains. When a motion for summary judgment is made and supported, the nonmoving party may not rest on the mere allegations or denials of his pleadings, but the non-moving party’s response, by affidavits or with other competent evidence as provided by law, must set forth specific facts showing that a genuine issue of material fact exists for trial. La. C.C.P. art. 967 B. If the non-moving party does not so respond, “summary judgment, if appropriate, shall be rendered against him.” Id.
| ¡¡Considering insurance contracts, in Johnson v. First Nat. Ins. Co. of Am., 2010-1335 (La.App. 4 Cir. 4/27/11), 65 So.3d 693 this Court wrote:
An insurance policy is a contract between the parties and should be interpreted using the general rules of contracts as provided in the Civil Code. Huggins v. Gerry Lane Enterprises, Inc., 06-2816, 06-2843, p. 3 (La.5/22/07), 957 So.2d 127,129 (citing Cadwallader v. Allstate Ins. Co., 02-1637, p. 3 (La.6/27/03), 848 So.2d 577, 580; Louisiana Ins. Guar. Ass’n v. Interstate Fire & Casualty Co., 93-0911, p. 5 (La.1/14/94), 630 So.2d 759, 763). The plain, ordinary and generally prevailing meanings should be given to words and phrases used in an insurance policy, unless the words have acquired a technical meaning. Id. (citing La. C.C. art. 2047; Cadwallader, 02-1637 at p. 3, 848 So.2d at 580; Carbon v. Allstate Ins. Co., 97-3085, p. 4 (La.10/20/98), 719 So.2d 437, 439). If the language of the insurance policy is clear and unambiguous, this Court must refrain from enlarging or restricting the provisions beyond the reasonably contemplated terms. Id. (citing Carrier v. Reliance Ins. Co., 99-2573, pp. 11-12 (La.4/11/00), 759 So.2d 37, 43).
Id., 2010-1335, p. 3, 65 So.3d at 695.
Furthermore, a contract is a conventional obligation, hence, it therefore follows that “an obligor is liable for the damages caused by his failure to perform a conventional obligation. A failure to perform results from nonperformance, defective performance, or delay in performance.” La. C.C. art. 1994.
In its first assignment of error, Louisiana Citizens argues that the district court improperly denied its motion for summary judgment as Citimortgage failed to produce any evidence that Louisiana Citizens failed to satisfy its duties under the policy issued to Ms. Poree. Thus, Louisiana Citizens argues that there was no ^genuine issue of material fact as to the issue of liability related to the allegations contained in Citimortgage’s petition.
In support of its contention that it satisfied all of its obligations under the policy *259 of insurance, Louisiana Citizens argues that it timely issued the check to the insured, or rather, the designated representative of the insured once the claim had been made, and that it clearly identified the names of the payees on the check.
Citimortgage argues that Louisiana Citizens breached its duties under the contract of insurance by failing to pay Citimort-gage. In support of its argument, Citi-mortgage refers to the mortgage clause contained in the contract of insurance. The subject mortgage clause appears in a document entitled “Homeowners 2 Broad Form”, under Section I■ — Conditions, and provides in pertinent part:
12. Mortgage Clause.
The word “mortgagee” includes trustee. If a mortgagee is named in this policy, any loss payable under Coverage A or B will be paid to the mortgagee and you, as interests appear. If more than one mortgagee is named, the order of payment will be the same as the order of precedence of the mortgages....
In the instant case, it is undisputed that the contract of insurance contains a mortgage clause. “Mortgage clauses fall into two forms, the open or simple mortgage clause and the standard or union mortgage clause.” May v. Mkt. Ins. Co., 387 So.2d 1081,1083 (La.1980).
The simple mortgage clause merely provides in effect that the proceeds of the policy shall be paid first to the mortgagee as his interest may appear; but the so-called standard or union mortgage clause is somewhat more specific in that it also provides that the mortgagee shall |7be protected against loss from any act or neglect of the mortgagor or owner, so that it shall not defeat the insurance so far as the interest of the mortgagee is concerned.
Id., citing Couch on Insurance § 42:648 (2d ed.1963). Furthermore,
[wjhere the policy contains a simple or open loss payee clause, the contract remains one between the insurer and the insured. The loss payee is but a conditional payee of a part of the proceeds of the policy. The rights of the loss payee are no greater than the rights of the insured and are subject to all of the terms and conditions of the policy.
Howard Griffin, Inc. v. Progressive Cas. Ins. Co., 409 So.2d 1262, 1263 (La.App. 2 Cir.1982).
Based upon the provisions contained within the insurance policy, it is clear that the mortgage clause in the Louisiana Citizens’ policy of insurance is a simple mortgage clause and that the first mortgagee is Citimortgage. The record in this matter indicates that the check issued to Ms. Chase by Louisiana Citizens did not follow the order of payment detailed in the policy of insurance. The check lists Ms. Poree as the first payee, Liberty Bank as the second payee, and Citimortgage, only identified as CIT, is listed as the third payee. Hence, the check as drafted was not consistent with the provisions of the mortgage clause contained in the insurance policy. Thus, it appears that Louisiana Citizens breached its duty, at a minimum, in failing to properly list Citimortgage as the second payee after Ms. Poree. Therefore, a genuine issue of material fact precludes the grant of summary judgment in Louisiana Citizens’ favor based on its failure to fulfill its obligations to Citimortgage under the contract of insurance.
|8In its second assignment of error, Louisiana Citizens argues that the district court improperly granted the partial motion for summary judgment of Citi-mortgage and that Citimortgage failed to produce any evidence to contradict that Louisiana Citizens failed to satisfy its duties under the policy issued to Diane *260 Broussard Poree. Louisiana Citizens argues that it honored its duties by issuing the check to Ms. Poree, via her executrix, Ms. Chase, and that the negotiation of said check with only two endorsements, by Liberty Bank and Ms. Chase deems Liberty Bank and Ms. Chase liable for damages. In short, Louisiana Citizens argues that once it issued the insurance proceeds, it was relieved of any obligation under the contract of insurance and was it no longer liable for actions which occurred once the proceeds were issued.
Additionally, Louisiana Citizens also argues that a bank has a duty to use reasonable care when it cashes a check and that Liberty Bank, in cashing the check without the proper endorsement, is liable for damages. Louisiana Citizens further argues that a bank honoring a check without proper endorsement should be liable for any damages caused by acceptance of the check.
In its partial motion for partial summary judgment, Citimortgage argued that Louisiana Citizens was liable for damages because the check, as written, improperly identified “CIT c/o Ms. Chase,” as a payee and that the identification of Ms. Chase “c/o” improperly indicated that Ms. Chase represented the interests of “CIT.” Citi-mortgage also argued that it never authorized Ms. Chase to obtain funds on its behalf, and that despite the fact that the insurance contract required |9that the check be made jointly payable, Louisiana Citizens “arbitrarily and without reason” gave Ms. Chase authority to receive the funds on behalf of Citimortgage. Citi-mortgage argues that because of the acts of Louisiana Citizens, it was damaged because it was left unprotected due to Louisiana Citizens’ disregard and breach of its contractual obligations.
In the alternative, Citimortgage argues that the check was “ambiguously payable” to Ms. Chase because it created the appearance of agency, thereby enabling Ms. Chase to present the check for payment without the required endorsement of Citi-mortgage. Further, it argues that the placement of “c/o” creates an ambiguity as to who is exactly entitled to receive the proceeds. Citimortgage argues that creating a cheek payable to ambiguous payees is also a breach of obligations under the contract of insurance.
Citimortgage further argues that because it is a loss payee, it has the status as either an additional insured or a third party beneficiary, and it has a right to demand specific performance from Louisiana Citizens, pursuant to La. C.C. art. 1981, entitled Rights of beneficiary and stipulator, which provides, “[t]he stipulation gives the third party beneficiary the right to demand performance from the promisor. Also the stipulator, for the benefit of the third party, may demand performance from the promisor.”
In addition, Citimortgage argues that in issuing the check to any and all persons/entities that may have an interest in the proceeds, Louisiana Citizens breached its contractual duties to issue payment to the person/entity that is entitled 110to payment. Citimortgage argues that the affidavit of David Burnette, the Assistant Vice President of Citimortgage, indicated that Citimortgage’s loan balance was approximately $113,226.24, the amount of the insurance proceeds, and therefore, pursuant to the pertinent provisions of the mortgage and insurance contracts, Citimortgage was entitled to the entirety of the proceeds, and should have been the only payee on the check. Citimortgage concludes that the actions of Louisiana Citizens caused damages because the insurance proceeds that were to be used to restore the subject property and pay the outstanding loan balance, were converted by Ms. Chase due to *261 Louisiana Citizens listing the payees in an ambiguous manner.
Louisiana Revised Statute 10:3 — 110(d), entitled Identification of person to whom instrument is payable, provides:
If an instrument is payable to two or more persons alternatively, it is payable to any of them and may be negotiated, discharged, or enforced by any or all of them in possession of the instrument. If an instrument is payable to two or more persons not alternatively, it is payable to all of them and may be negotiated, discharged, or enforced only by all of them. If an instrument payable to two or more persons is ambiguous as to whether it is payable to the persons alternatively, the instrument is payable to the persons alternatively.
The scenario presented in the instant matter indicates that multiple persons/entities were listed as payees on the check thereby deeming the check as being negotiable by any of the named payees without regard to the other payees on the check.
In Thus, we need only reiterate that a contract of insurance is the law between the parties. As the primary mortgagee, Citimortgage, as the first mortgagee, should have been named as the first payee on the check, but Liberty Bank was listed as the first payee. Citimortgage (as the primary mortgagee) was merely referred to as “CIT” immediately followed by “c/o Nikecia Chase.” We find that Louisiana Citizens had an obligation to make sure all of its obligations were met by: (1) paying the claim of Ms. Poree, and (2) making sure that the mortgagee(s) to which the check was paid, were both properly identified and listed in order of primacy, as per the contract of insurance. We find that there is no genuine issue of material fact in dispute concerning the defective issuance of the check, and pursuant to La. C.C. art. 1994, Citimortgage is entitled to recoup such amounts from Louisiana Citizens, given that Louisiana Citizens did not meet its obligations under the policy of insurance.

DECREE

Considering the foregoing, we affirm the judgment of the district court.
AFFIRMED