LOLLEY, J.
| finger Crawford appeals a judgment by the Twenty-Sixth Judicial District Court, Parish of Webster, Louisiana, granting a motion to strike and a motion for summary judgment by Brookshire Grocery Company. For the following reasons, the trial court’s judgment is reversed in part and affirmed in part.
Facts
On June 3, 2012, Ginger Crawford allegedly slipped and fell in a grocery store owned by the Brookshire Grocery Company (“Brookshire”) in Springhill, Webster Parish, Louisiana. According to Crawford, as she entered the dairy section of the store, she slipped on a wet floor and injured herself.
Crawford filed suit against Brookshire, and her deposition was taken on October 7, 2013, at the request of Brookshire. Crawford reserved her right to read and sign her deposition, which deposition was later certified by the court reporter on December 16, 2013. The certificate makes no indication that Crawford had read and signed the deposition or had failed to do so in a timely manner. Shortly thereafter, relying heavily on Crawford’s deposition testimony, Brookshire filed its motion for summary judgment, arguing that Crawford could not satisfy her burden of proof pursuant to La. R.S. 9:2800.6. Specifically, Brookshire maintained that Crawford could not provide any evidence of the temporal element required by the statute.
Crawford opposed the motion. In her initial opposition memorandum, Crawford argued that she had never received a copy of her | ^deposition in order to read it (although Brookshire maintains it had sent a copy to Crawford’s attorney in December 2013).
On April 15, 2014, at the hearing on Brookshire’s motion for summary judgment, the court minutes show that the trial court continued the hearing date for Brookshire’s motion and gave Crawford 30 days to exercise her right to read and sign her deposition. However, the trial court specifically prohibited Crawford from filing any additional opposition to Brookshire’s motion. Subsequently, on June 9, 2014, Crawford further opposed Brookshire’s motion, attaching the errata sheets noting substantive changes to her deposition. Additionally, attached to her opposition memorandum, she filed an affidavit in opposition to Brookshire’s motion for summary judgment.
In response to Crawford’s second opposition memorandum, affidavit, and changes in her deposition testimony, Brookshire filed a motion to strike. A hearing was held on Brookshire’s motions. At the hearing, the trial court noted the “smell” of Crawford’s proposed deposition changes, because the changes related only *481 to the material facts of knowledge and temporal elements at issue in Crawford’s claim against Brookshire. The trial court, granted Brookshire’s motion to strike, stating the “the changes that are made [by Crawford] are just too suspect for me to accept,” striking the changes to the deposition as well as paragraphs 5 and 6 of Crawford’s affidavit. Resultantly, the trial court determined there was no genuine issue of material fact and granted Brook-shire’s motion for summary judgment. Crawford appealed the trial court’s judgment.
IsLaw and Discussion
Louisiana R.S. 9:2800.6 governs merchant liability for slip or trip and fall cases and places a heavy burden of proof on plaintiffs in claims against a merchant for damages arising out of a fall on the premises. Therefore, in order for Crawford to prevail in her negligence claim for the injuries she suffered, she must satisfy the burden of proof discussed in this statute, which provides in pertinent part:
A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
B. In a negligence claim brought against a merchant by a person lawfully on the merchant’s premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant’s premises, the claimant shall have the burden of proving, in addition to all other elements of this cause of action, all of the following:
1.The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
2. The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
3. The merchant failed to exercise reasonable care. In determining care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone to prove failure to exercise reasonable care.
Failure to prove any of the requirements enumerated in La. R.S. 9:2800.6 will prove fatal to the plaintiffs case. Harrison v. Horseshoe Entertainment, 36,294 (La.App.2d Cir.08/14/02), 823 So.2d 1124. In addition to proving each of the above three elements, a plaintiff must “come forward with positive evidence showing the damage causing condition | ¿existed for some period of time and that such time was sufficient to place a merchant defendant on notice of its existence.” White v. Wal-Mart Stores, Inc., 1997-0393 (La.09/09/97), 699 So.2d 1081. This element is referred to as the “temporal” element. Absent some showing of the temporal element, there can be no inference of constructive knowledge. While there is no bright line time period, a plaintiff must show that the condition existed for “such a period of time.” Kennedy v. Wal-Mart Stores, Inc., 1998-1939 (La.04/13/99), 733 So.2d 1188; Jones v. Brookshire Grocery Co., 37,117 (La.App.2d Cir.05/14/03), 847 So.2d 43. The claimant must make a positive showing of the existence of the condition prior to the fall. A defendant merchant does not have to make a positive showing of the absence of the existence of the condition prior to the fall. White, supra.
As stated, the trial court granted two motions filed by Brookshire. First, the motion to strike was granted as to certain *482 statements in her opposition affidavit and to the changes in her deposition testimony-both of which had direct bearing on La. R.S. 9:2800.6 and the issues raised in Brookshire’s, motion for summary judgment. Second, as a direct result of granting -the motion to strike, the trial court granted Brookshire’s motion for summary judgment, finding that Crawford could not satisfy her burden of proof required under La. R.S. 9:2800.6 as stated above.

The Motion to Strike. ,

Crawford’s Affidavit in- Opposition

In her first assignment of error, Crawford argues that the trial court erred in striking paragraphs 5 and 6 of her affidavit, and consequently, | ^granting Brookshire’s motion for summary judgment. According to Crawford, the statements the trial court struck from her affidavit were made on her personal knowledge, not speculation or opinion. She maintains that her statements are valid and create an issue of material fact. We diságree.
Louisiana C.C.P. art. 967A states as follows:
Supporting and opposing affidavits shall be made on personal- knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. The supporting and opposing affidavits of experts may set forth such experts’ opinions on the facts as would be admissible in evidence under Louisiana Code of Evidence Article 702, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.
Thus, supporting and opposing affidavits must be based on the affiant’s personal knowledge. La. C.C.P. art. 967. Personal knowledge means something which the witness actually saw or heard as distinguished from something he learned from some other person or source. Richardson ex rel. Brown v. Lagniappe Hosp. Corp., 33,378 (La.App. 2nd Cir.05/15/00), 764 So.2d 1094. Personal knowledge is that information which is obtained by the affi-ant through the use of his or her senses. Foundation Materials, Inc. v. Carrollton Mid-City Investors, L.L.C., 2010-0542 (La.App. 4th Cir.05/25/11), 66 So.3d 1230, 1234—35, writ denied, 2011-1344 (La.09/30/11), 71 So.3d 287. Generally, personal knowledge is based on that which the witness actually saw or heard, as distinguished from what the witness learned from some other person or source. Jones v. Foster, 41,619 (La.App.2d Cir.12/13/06), 945 So.2d 262. Portions of affidavits not based on personal knowledge of the affiant should not be considered by the trial court 1deciding a motion for summary judgment. Hibernia Nat. Bank v. Rivera, 2007-962 (La.App. 5th Cir.09/30/08), 996 So.2d 534, 539.
The trial court struck the following two paragraphs of Crawford’s deposition:
5. That the watery substance on the floor had been there for a long time in her opinion because it was dirty and dark looking and tracked, maybe 20 or 30 minutes before her accident;
6. That she believes that the water was on the floor long enough for. Brook-shire employees to have discovered it and remove it prior to her accident because her accident occurred at 2:01 p.m. and according to Brook-shire’s incident report the last employee in the area prior to he.r accident was at 12:15 p.m., almost 2 hours.
In this case, to the extent that Crawford’s affidavit expresses her opinion regarding facts of this case, they are not *483 based on her personal knowledge and may not be considered in ruling on a motion for summary judgment. Crawford did not see firsthand when the substance reached the floor, thus she had no personal information that the substance “had been there for a long time.” She also did not have any firsthand information as to why the substance was “dirty and dark looking.” Her statements were total supposition. Crawford’s statements in the affidavit are not based on objective personal knowledge as required under article 967, but instead, are subjective statements based on what she believed to be true. The trial court properly granted Brookshire’s motion to strike these two statements, and this assignment of error is without merit.

17Changes to the deposition

In her second assignment of error, Crawford argues that the trial court erred in granting Brookshire’s motion for summary judgment by granting its motion to strike with respect to Crawford’s changes in her deposition. Crawford maintains that she was entitled to make changes to her deposition pursuant to La. C.C.P. art. 1445, and her delay in making those changes was due to failing to receive a copy of her deposition. On the record before us, we agree.
Louisiana C.C.P. art. 1445 provides:
When the testimony' is fully transcribed the deposition shall be súbmitted to the witness for examination and shall be read to or by him, unless such examination and reading are waived by the witness and by the parties. Any changes in form or substance which the witness desires to make shall be entered upon the “deposition by the officer with a statement of the reasons given by 'the witness for making them. The deposition shall then be signed by the witness unless the parties by stipulation waive the signing or the witness is ill or is absent from the parish where the deposition was taken or cannot be found or refuses to sign. If the deposition is not signed by the witness within thirty days of its submission to him, the officer shall sign it and state on the record the fact of the waiver or of the illness or absence of the witness or the fact of the refusal to sign together with the reason, if any, given therefor; and the deposition may then be used as fully as though signed unless on a motion to suppress under Article 1456 the court holds that the reasons given for the, refusal. to sign require rejection of the deposition in whole or in' part. A video deposition does not haye to comply with the requirements of reading and signing by the deponents.
The article is clear as-to the procedure tó be followed after a deposition is taken, and in this case, it appears (through no fault to the attorneys involved) that the steps were very loosely adhered to, if at all.
In this case, the' procedure initially broke down in the very first step — submis-. sion of the transcribed deposition to the witness. Here, there is |sno dispute that Crawford elected to read and sign her deposition; the parties do not dispute this, and it is reflected by the deposition transcript. Initially, on page 2 of the transcript entitled Stipulations,'it was stated, “the reading and signing of the deposition are not waived by counsel nor by the witness.” At the conclusion of the deposition, counsel for 'Brookshire accurately advised Crawford:
You exerciséd your right to read and sign. Under the law, if you make any change to form or substance you have to give a reason for that, which may give rise to additional questioning by me. If you fail to exercise your right to read and sign within 30 days from thie time the court reporter provides the tran *484 script, you signature is deemed to be waived. Okay, ma’am?' (Emphasis added).
Crawford responded, ‘Tes, sir.”
After the conclusion of Crawford’s deposition the problem arose when article 1445 was not properly adhered to. First, the record does not reflect that Crawford was properly provided the deposition to read and sign by the officer as contemplated by the article, a fact she alleges in her initial opposition to Brookshire’s motion for summary judgment. ' Although counsel for Brookshire maintains a copy was provided by him to Crawford’s attorney in December 2013 (which is undoubtedly true), there is nothing in the record to indicate that an initial transcribed copy of the deposition was submitted to Crawford by the officer for her to read and sign, as she elected to do. In fact, Brookshire’s attorney informed Crawford on the record that she would have 30 days to read and sign “from the time the court reporter provides the transcript.” The code article suggests that in the event a witness has made such an election, the deposition transcript is, in essence, a | g draft of the proceeding. The witness then has 30 days to exercise her right to read and sign, with or without noted changes to the form and substance of the deposition, making the deposition final. In the event the witness does not sign the deposition within 30 days, the officer will then sign off on the deposition, noting the reason (if any) the witness failed to sign the deposition.
Even if Crawford was supplied a courtesy copy of the deposition by Brookshire’s attorney, that was not the copy contemplated by the article. Moreover, although the officer did sign the. certifícate at the end of the transcript on December 16, 2013, there was absolutely no mention as to why Crawford had not signed the deposition as she had elected to, creating a defect 'in the process mandated by article 1445. Clearly, Crawford did not read and sign her deposition prior to the officer making her certificate, nor did she make a statement as to why the deposition had not been signed. As Crawford had not been given the opportunity to read and sign her deposition before it was made final, Brook-shire’s reliance on her deposition testimony for its summary judgment motion was. premature. Thus, Brookshire was not in a position to use “the deposition ... fully as though signed,” as stated in the article.
Crawford opposed Brookshire’s motion, stating that she had not been supplied with the transcript to read and sign prior to its being made official and certified a' true record of her testimony. As a result, the trial court gave Crawford additional time-30 days from the April 15, 2014 hearing-to read Imand sign the deposition.[1] Crawford’s deposition changes were not filed until June 9, 2014, which the trial court considered untimely. Crawford’s attorney shows that he received the deposition from the officer on May 28, 2014, and Crawford read, signed and filed her changes within the deadline (i.e., 30 days) of his receipt.
Considering the chain of events in this matter, we conclude that the trial court abused its discretion in striking Crawford’s changes to her deposition. Primarily, although Brookshire’s attorney provided a copy to Crawford, she should have been provided a copy by the officer in order to exercise her right to read and sign. The court reporter’s certification of the deposition was flawed, and, therefore, Brook-shire’s reliance on it for the basis of its *485 motion for summary judgment was premature. The trial court abused its discretion in considering Crawford’s errata sheets as untimely, when her attorney did not receive the deposition transcript until May 28, 2014.
Finally, the trial court also abused its discretion when considering the “smell” of Crawford’s changes in her deposition testimony. Article 1445 is clear that a witness has the absolute right to make changes to the form or substance,of her testimony. We recognize that the changes to Crawford’s deposition have direct bearing on the issues that Brookshire’s motion for summary judgment was based and might have been a little too convenient. However, having elected to read her deposition before it was made final, she had the absolute legal right to make changes to the form and substance of lathe testimony, even if those changes seem suspect in light of the legal issues raised in Brookshire’s motion for summary judgment. The trial court’s decision to strike those changes was an abuse of discretion.

Motion for Summary Judgment

However, even if Crawford’s changes to her deposition should have been considered, our de novo review of this record, including those changes, leads to the conclusion that Crawford still falls short of the burden, of proof necessary to her claim, particularly due to her inability to establish the temporal element essential to her claim in order to withstand summary judgment.
The pivotal issue is whether Crawford provided factual support sufficient to show that Brookshire either created the condition or had actual or constructive notice of the condition which caused the damage, prior to the occurrence? Regarding that issue, the following line of questioning was taken in Crawford’s deposition:
Q: Do you have any idea how the water got there?
A: No, sir.
Q: I’m sorry?
A: No, sir.
Q: Nothing, about looking at it gave you the impression that it could have been there long or not long, you just don’t know?
A: [Crawford’s revised testimony] Even though I don’t know exactly how long the water was on the floor, but I do believe it was on the floor for maybe 20-80 minutes, because it was dark and brownish and dirty looking and it looked like some people had walked through it.
| ^Furthermore, Crawford testified she did not know how the substance got onto the floor, nor could she say positively whether Brookshire knew it was there.
Considering the foregoing, the trial court did not err in its ultimate conclusion that Brookshire proved there was an absence of factual support for an essential element of Crawford’s claim against the grocer — the constructive notice requirement under La. R.S. 9:2800.6. Despite the changes to Crawford’s deposition, she still failed to satisfy the constructive notice requirement of La. R.S. 9:2800.6 by showing the substance was on the floor for some period of time prior to her alleged slip and fall, and as a result, Brookshire had constructive knowledge of its existence.
Crawford merely speculated as to how long she believed the substance was on the floor — she failed to produce any factual support for her contention that the condition existed for some period of time before she slipped. Her speculation that the substance had been on the floor for 20-80 minutes is insufficient to establish the temporal element necessary to prove her claim. See Hubbard v. AP3 Investments, *486 L.L.C., 43,673 (La.App.2d Cir.11/19/08), 997 So.2d 882. That estimated time period is based on her observation that the liquid was “dark and brownish and dirty looking” and that it had been “walked through.” However, she gives no evidence that the substance was not dark and brown to begin with,’ or why she knew it had been walked through. ' In order to prevail under La. R.S. 9:2800.6, Crawford must make a positive showing of the existence of the condition prior to . the fall. Babin v. Winn-Dixie La., Inc., 2000-0078 (La.06/30/00), 764 So.2d 37, 40. Her speculation that a condition may have existed for some period simply because of the appearance of the substance is not sufficient.
Applying the principles set forth in White, we find that the evidence submitted by Crawford falls short of the proof required to establish constructive notice. Even considering the substantive changes to ‘ her ‘deposition testimony, the record supports the trial court’s ultimáte conclusion that Crawford failed to prove the temporal element necessary to establish constructive notice, an essential element of her claim under La. R.S. 9:2800.6. So considering, we find no error in the trial court’s determination that Brookshire was entitled to summary judgment.
Conclusion
For the foregoing reasons, the trial court’s judgment against Ginger Crawford granting Brookshire’s motion to strike is reversed in part and affirmed in part. That portion of the judgment granting Brookshire’s motion for summary judgment is affirmed. The costs of this appeal are to be. split equally by the parties.
REVERSED IN PART; AFFIRMED IN PART.

. There is no transcript of this hearing in the record. The court minutes reflect the trial court’s order.